ORIGINAL

FILED
AUG 31 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**STATES ROOFING CORPORATION,**
**Plaintiff,**

**v.**

**THE UNITED STATES,**
**Defendant.**

**Action No.** ______________

**COMPLAINT**

Plaintiff States Roofing Corporation ("SRC"), by counsel, for its Complaint against Defendant The United States of America ("United States"), complaining of defendant's acts and omissions, alleges and states as follows:

JURISDICTION/RELATED ACTIONS

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1491. Plaintiff brings this action pursuant to the Contract Disputes Act, 41 U.S.C. § 601, et seq.

2. SRC has previously appealed the subject final decisions to the Armed Services Board of Contract Appeals (ASBCA or "Board"), where said appeals have been docketed as ASBCA Nos. 54854 and 54860, and consolidated by the ASBCA.

3. SRC believes the Board has jurisdiction over its appeals; however, in conjunction with the filing of the notices of appeal, one notice was returned due to insufficient postage, thus raising the possibility of a jurisdictional question.

4. Again, SRC believes that the facts refute any such jurisdictional failure, but because such issue could be raised in the Board actions or any subsequent appeal, SRC files this action as a "protective" appeal, which action this Court has recognized as proper. See, e.g., Burke v. United States, 5 Cl. Ct. 759, 760 (1984).

5. Given the foregoing, SRC contemporaneously herewith moves the Court to stay any action respecting this case until the Board appeals are finally resolved, the bases for which are stated more fully in SRC's motion and supporting memorandum filed herewith.

COMMON BASIS OF CLAIMS

6. Defendant, through the Department of the Navy, Navy Facilities Engineering Command ("Government" or "Navy") contracted with SRC, a roofing contractor, respecting Navy Contract No. N62470-97-C-83197, entitled "Building W-143 Roof Replacement, Wall Repair and Painting, Naval Station, Norfolk, Virginia" (the "Contract").

7. Throughout its completion of the Contract, SRC encountered and discovered defective contract documents, changed and differing conditions, and was directed to make various changes by the Navy. The Navy acknowledged many, but not all, of the foregoing, and awarded Contract adjustments for some, but not all, of them.

8. Throughout performance, individual proposals were submitted by SRC to the Navy for the appropriate Contract adjustments SRC believed due. Subsequently, SRC also submitted requests for equitable adjustments ("REA") to the Navy for the, to those times, unresolved adjustments, furnished at the Navy's request for additional information and/or otherwise for the Navy to process the outstanding modifications due.

9. Subsequent negotiations between the parties were unsuccessful in resolving the outstanding modifications due, and SRC, by letter dated—and accompanying documents delivered—April 18, 2003, requested the Contracting Officer's Final Decision with respect to the remaining equitable adjustments due ("RFFD"). In the RFFD, SRC sought $1,696,492.00 and 132 calendar days time extension relating to the 67 outstanding Contract adjustments due and included therein.

10. Following submission of the RFFD, the Navy issued unilateral modification P00008 dated 23 April 2003[1] as partial resolution of some of those 67 items. P00008 definitized P00001 ($23,445.00 decrease; 0 days), P00002 ($187,159.00 decrease; 0 days), P00003 ($213,949.00 increase; 0 days), and P00004 ($54,524 increase; 0 days); increased the Contract an additional $129,391.00; and added an additional 45 calendar days, for a collective monetary adjustment of $187,260.00 and a collective time increase of 45 calendar days.

11. The Contracting Officer did not furnish the requested Final Decision within the requisite time period. Initially, the Contracting Officer advised SRC that the Final Decision would be made by November 30, 2003, but did not do so. Following inquiry from SRC, the Contracting Officer advised SRC that it should not expect a Final Decision before April 30, 2004, over one year from the submission of the RFFD.

12. Upon receipt of that notification, SRC petitioned the ASBCA to direct the Contracting Officer to issue a decision pursuant to ASBCA Rule 1(e), which was docketed as ASBCA No. 54505-908. Following subsequent exchanges of information, the Board by order dated June 9, 2004 directed the Contracting Officer to issue a decision by September 1, 2004 to, among other things, permit conclusion of the DCAA audit the government advised was to have been completed in or around June 2004.

13. In conjunction with the DCAA audit, SRC determined it appropriate from its conversations with the auditor[2] to furnish supplemental information to the Contracting Officer

[1] The Final Decision references P00007; however, this is a misnomer. P00007 was presented to SRC as a bilateral modification, but not accepted by SRC. The Contracting Officer subsequently issued unilateral P00008 instead, which had the same adjustments as P00007, and indeed appears to have included the same pages 2 – 5 of P00007, including the reference to that modification, perhaps explaining the misnomer.

[2] SRC has yet to be furnished with the audit results, and despite the Government's averred need

with respect to Claim Items 1 (Crane) and 61 (SRC Equipment Lifts and Stand-By Crane Time), Claim Item 2 (Parapet Walls), and Claim Item 23 (Cancellation of Roof Cells D and F). That supplemental claim support was furnished through counsel to the Contracting Officer on August 25, 2004 via correspondence of that same date [hereinafter "Claim Supplementation"]. Those supplements resulted in an aggregate increase of the claim amount by $73,968.26 as set forth and attached to said correspondence.

14. The Contracting Officer's Final Decision, identified as Final Decision L04-015 (the "Final Decision") was subsequently made and furnished by Certified Mail – Return Receipt Requested to SRC by letter dated September 1, 2004. In it, the Contracting Officer acknowledged receipt of the Claim Supplementation, but advised the same was not considered in making the Final Decision, but instead would be treated separately.

15. In the Final Decision, the Contracting Officer found entitlement due SRC for Claim Item Numbers 18, 20, 23, 48, 50, 53, 54, 55, 56, and 58 of the RFFD, for a collective Contract sum increase of $53,375.00.[3] No additional days were awarded, and all other portions of the RFFD, except those compensated under P00008, were denied in their entirety. Subsequent to the Final Decision, the Contracting Officer issued a second unilateral modification P00008 dated 22 October 2004 in the amount of $56,522.00 "for items as determined by Contracting

---

for the audit results to evaluate SRC's RFFD, the Final Decision does not reference or refer to the audit or its results, presumably because the same were favorable to SRC and further evidence of the Government's breaches. Regardless, the Government's failure to furnish the audit results limited SRC in its supplementation efforts to SRC's verbal discussions with the auditor.

[3] The Final Decision summarizes the amount awarded on Page 30 as $53,400, but this appears to be a mathematical error.

Officer's Final Decision L04-015 dated 1 September 2004" ("P00008b"), which included $3,134.00 in interest due as calculated by the Contracting Officer through 10/31/04.[4]

16. Subsequently, by letter dated September 16, 2004, the Contracting Officer advised that the Claim Supplementation had been reviewed, but the Contracting Officer had determined that the Final Decision addressed those items. Thereafter, by letter dated September 30, 2004, identified as Final Decision L04-018, the Contracting Officer issued a letter denying SRC's "supplemental claim" and advising that the same was a "final decision" (the "Supplemental Final Decision").

17. All conditions precedent to the filing and maintenance of this action have occurred, have been met, have been satisfied, and/or have been waived. Without limitation, this Complaint is timely filed from the dates thereof, and otherwise properly filed.

a. SRC received the Final Decision by mail on September 3, 2004.

b. SRC received the Supplemental Final Decision on September 30, 2004.

18. Both the Final Decision and the Supplemental Final Decision are erroneous in fact and law to the extent denying SRC's claims. Further, by failing to adjust the Contract in the amount and manner requested by SRC, the government has breached the Contract, and otherwise failed to meet its obligations owed SRC by reason thereof.

19. The remaining adjustments due SRC total at least $1,249,825.26, exclusive of interest and attorney's fees, and SRC is further due appropriate performance period adjustments

---

[4] P00008b indicates an erroneous total contract price of $2,706,522.00, which appears to be a scrivener's error. Including the monies awarded in P00008b, the total contract balance, not including the additional monies due SRC, should have been noted in P00008b as $2,893,782.00.

of at least an additional 37 days. Those adjustments relate, without limitation, to the following SRC claim items:

a. SRC Claim Item 1 (Crane) and Claim Item 61 (Equipment Lifts and Stand-By Crane Time).

b. Claim Item 2 (Parapet Walls).

c. Claim Item 3 (Credit for Deleting Wood Blocking).

d. Claim Item 14 (Lost Time: Tractor Trailers).

e. Claim Item 15 (Lost Time: Fire Drill).

f. Claim Item 18 (Remove Antenna Bracket).

g. Claim Item 21 (Crack Door, Roof C).

h. Claim Item 23 (Cancellation of Roof Cells D and F).

i. Claim Item 25 (Leak Clean Up).

j. Claim Item 38 (Conex Boxes).

k. Claim Item 39 (Cracks in Concrete, Cell E).

l. Claim Item 48 (Surplus Material and Equipment).

m. Claim Item 50 (Submittal Register).

n. Claim Item 51 (Safety Assurance).

o. Claim Item 52 (Acceleration).

p. Claim Item 53 (General Conditions Time Extension).

q. Claim Item 55 (Leak Repairs, Roof Cell E).

r. Claim Item 57 (Clean Up and Watertight Efforts, Hidden Penetration, Roof Cell J).

s. Claim Item 58 (Clean Up and Watertight Efforts, Cell E).

t. Claim Item 59 (Clean Up and Tile Replacement, Captain's Elevator).

u. Claim Item 60 (Lobby Skylight Replacement).

v. Claim Item 66 (Proposal Preparation Costs).

w. Claim Item 67 (Disruption).

20. The outstanding balance due SRC with respect to the Contract, including by reason of the foregoing changes, defective contract documents, changed and/or differing conditions, including those Claim Items described and summarized above, is at least $1,249,825.26, for which the Government is liable to SRC. Additionally, SRC is due interest on those sums due in the amount and manner provided by law, including the Contract Disputes Act. The Government has neither paid nor agreed to pay the damages set forth above.

WHEREFORE, plaintiff, by counsel, demands award of the following relief/judgment:

a. That the Contracting Officer be ordered to equitably adjust the contract price and performance period as claimed by SRC and summarized hereinabove, including by increasing the Contract price by at least $1,249,825.26, by increasing the performance period by at least 37 days, and by paying SRC interest on such sums as well as SRC's attorney's fees and costs.

b. That, alternatively, judgment be entered against the United States and in favor of plaintiff based on the government's breach of contract in the amount of at least $1,249,825.26, plus interest, attorney fees and costs.

c. That plaintiff be awarded such other relief as the Court deems proper.

MOTION TO STAY

Plaintiff, by counsel, moves the Court to stay this action on the grounds that the same claims are currently on appeal before the Armed Services Board of Contract Appeals, that staying the case is otherwise judicially economical and warranted, and that other good cause exists to grant this motion, including for the reasons set forth in the following supporting memorandum.

MEMORANDUM IN SUPPORT OF MOTION TO STAY

In further support of its Motion to Stay this action, Plaintiff states as follows:

I. Statement of Facts

As noted in the above Complaint, SRC has appealed the claims that are the subject of this motion to the ASBCA, which has docketed the appeals as ASBCA Nos. 54854 and 54860. One of SRC's notices of appeal was returned for insufficient postage; however, when mailed the notice had been mailed to the Contracting Officer, and further when the insufficient mailing notice was received, SRC re-mailed and faxed the notice of appeal to the Board and the Contracting Officer.

Under the applicable facts and law (including Appeals of Thompson Aerospace, Inc., ASBCA No. 51548, 99-1 BCA ¶ 30,232), the appeal was timely regardless of the postage issue. However, to the extent jurisdiction may be hereafter challenged by the Government, the Board or any appellate court, SRC has timely filed this Complaint as a "protective" appeal within the time of appeal prescribed by the Contract Disputes Act, 41 U.S.C. § 601, et seq., such being the appropriate mechanism to preserve jurisdiction as acknowledged by this Court in Burke v. United States, 5 Cl. Ct. 759, 760 (1984).

II. Application of Facts to Law

The Contract Disputes Act permits appeal of a Contracting Officer's final decision

relating to federal procurements to either the applicable Board of Contract Appeals or this Court. SRC appealed the Final Decisions that are the subject of this action to the ASBCA, and believes those appeals were timely filed as noted above. But, to the extent the appeals were not timely, this action is regardless timely filed.

Judicial economy and the desire to prevent inconsistent opinions dictate permitting the resolution of the claims before the ASBCA. See Haustechnik v. United States, 34 Fed. Cl. 740, 745 (1996). Although this Court is of course well suited to handle and resolve the matters herein, the ASBCA is particularly well suited to adjudicate this type of procurement appeal, and this Court has acknowledged the appropriateness of this type of "protective" appeal under such circumstances. See Burke, 5 Cl. Ct. at 760.

III. Conclusion

Stay of this action pending final determination of the related ASBCA appeals is judicially economical and warranted under the facts and circumstances. Accordingly, the Court should grant plaintiff's motion, staying this action pending final determination of the related ASBCA appeals and Plaintiff respectfully prays the Court do so. Plaintiff's proposed order is attached.

Done this date: August 29, 2005

STATES ROOFING CORPORATION

By: ______________________
Neil S. Lowenstein

David W. Lannetti, Of Counsel
VANDEVENTER BLACK, LLP
500 World Trade Center
Norfolk, VA 23510
(757) 446-8610
(757) 446-8670 (facsimile)
Emails: nlowenstein@vanblk.com
dlannetti@vanblk.com

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**STATES ROOFING CORPORATION,**
**Plaintiff,**

**v.** **Action No. ____________**

**THE UNITED STATES,**
**Defendant.**

**ORDER**

Upon consideration of Plaintiff's Motion to Stay, and for good cause shown, it is hereby ORDERED that this action be stayed pending final determination of Armed Services Board of Contract Appeal Nos. 54854 and 54860, including all appeals respecting the same.

ENTERED: ____/____/2005

______________________________
JUDGE