No. 05-960C
(Judge Bush)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STATES ROOFING CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

OF COUNSEL:

DAVID KOMAN
Department of the Navy

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

December 30, 2005

Attorneys for Defendant

# TABLE OF CONTENTS

Page

DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . 1

I. Nature Of The Case . . . . . . . . . . . . . . . . . . 1

II. Issues Presented . . . . . . . . . . . . . . . . . . . 1

III. Statement Of Facts . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. Plaintiff Bears The Burden Of Establishing That This Court Possesses Jurisdiction To Consider This Action . . . . . . . . . . . . . . . . . 5

II. The Election Doctrine Limits The Jurisdiction Of This Court . . . . . . . . . . . . . . 7

III. SRC Made An Informed, Knowing, And Voluntary Election To Proceed Before The ASBCA . . . . . . . . . . . . . . . . . . . . . . . 8

IV. SRC's Appeal Currently Is Being Litigated By The ASBCA . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page(s)

Adams v. United States,
20 Cl. Ct. 132 (1990) . . . . . . . . . . . . . . . . . . . 6

Bonneville Associates v. United States,
43 F.3d 649 (Fed. Cir. 1994) . . . . . . . . . . . . . . . 7-9

Bonneville Associates v. United States,
30 Fed. Cl. 85 (1993),
aff'd, 43 F.3d 649 (1994) . . . . . . . . . . . . . . . . . 9

Burke v. United States,
5 Cl. Ct. 759 (1984) . . . . . . . . . . . . . . . . . . . 11-12

Cosmic Construction Co. v. United States,
5 Cl. Ct. 237 (1984) . . . . . . . . . . . . . . . . . . . 11

Cupey Bajo Nursing Home, Inc. v. United States,
23 Cl. Ct. 406 (1991) . . . . . . . . . . . . . . . . . . . 6

Farmers Grain Co. of Esmond v. United States,
29 Fed. Cl. 684 (1993) . . . . . . . . . . . . . . . . . . 6

Gibbs v. Buck,
307 U.S. 66, 72 (1939) . . . . . . . . . . . . . . . . . . 6

Indium Corp. of America v. Semi-Alloys, Inc.,
781 F.2d 879, 884 (Fed. Cir. 1985),
cert. denied, 479 U.S. 820 (1986) . . . . . . . . . . . . . 6

Mark Smith Constr. Co., Inc. v. United States,
10 Cl. Ct. 540 (1986) . . . . . . . . . . . . . . . . . . . 8-9

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . 5

Mobility Sys. & Equip. Co. v. United States,
51 Fed Cl. 233 (2001) . . . . . . . . . . . . . . . . . . . 8

National Neighbors, Inc. v. United States,
839 F.2d 1539 (Fed. Cir. 1988) . . . . . . . . . . . . . . 8

TABLE OF AUTHORITIES Con't

FEDERAL CASES

Page(s)

Olsberg Excavation Co. v. United States,
3 Cl. Ct. 249 (1983) . . . . . . . . . . . . . . . . . . . . 11

Reynolds v. Army and Air Force Exchange Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . 5-6

Saladino v. United States,
62 Fed. Cl. 782 (2004) . . . . . . . . . . . . . . . . . . . . 5

Synernet Corp. v. United States,
41 Fed. Cl. 375 (1998),
aff'd, 215 F.3d 1348 (1999) (table) . . . . . . . . . . . . 8

The Crude Co. v. FERC,
135 F.3d 1445 (Fed. Cir. 1998) . . . . . . . . . . . . . 11

Thomson v. Gaskill,
315 U.S. 442 (1942) . . . . . . . . . . . . . . . . . . . . . 6

United States v. Mead Corp.,
533 U.S. 218 (2001) . . . . . . . . . . . . . . . . . . . . 11

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . 7

ASBCA CASES

B.M.S., Inc.,
ASBCA No. 35430, 90-2 BCA ¶ 22,819 . . . . . . . . . . . 10

Hellenic Express,
ASBCA No. 47129, 94-3 BCA ¶ 7,189 . . . . . . . . . . . 10

I.T.S. Corporation,
ASBCA No. 31993, 86-1 BCA ¶ 18,678) . . . . . . . . . . 11

McNamara-Lunz Vans & Warehouses, Inc.,
ASBCA No. 38057, 89-2 BCA ¶ 21,636 . . . . . . . . . . 10

TABLE OF AUTHORITIES Con't

ASBCA CASES

Page(s)

North Coast Remanufacturing, Inc., ASBCA No. 38599, 89-3 BCA ¶ 22,232 . . . . . . . . . . . . . 10

Thompson Aerospace, Inc., ASBCA No. 51548, 99-1 BCA ¶ 30,232 . . . . . . . . . . . . 10

Yankee Telecommunication Laboratories, Inc., ASBCA No. 25240, 82-1 BCA ¶ 15,515 . . . . . . . . . . . . . 10

STATUTES

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . 7

41 U.S.C. § 609 . . . . . . . . . . . . . . . . . . . . . . . . 7

41 U.S.C. § 609(a)(1) . . . . . . . . . . . . . . . . . . . . . . 7

REGULATION

48 C.F.R. § 33.211(a)(4) (v) . . . . . . . . . . . . . . . . 11

MISC.

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . 1,6

ASBCA Rule 1(a) . . . . . . . . . . . . . . . . . . . . . . . . 4

# INDEX TO APPENDIX

Page(s)

## APPENDIX VOLUME ONE

September 1, 2004 Final Decision . . . . . . . . . . . . . . . . . . 1

## APPENDIX VOLUME TWO

September 1, 2004 Final Decision (cont.) . . . . . . . . . . 27

Final Decision no. L04-015 Certified Mail Receipt dated September 3, 2004 . . . . . . . . . . . . . 32

September 30, 2004 Final Decision . . . . . . . . . . . . . . 34

September 30, 2004 Final Decision (facsimile copy) and email . . . . . . . . . . . . . . . 36

ASBCA Rules (selected portions) . . . . . . . . . . . . . . . 42

November 23, 2004 Notice of Appeal . . . . . . . . . . . . . . 48

November 29, 2004 Notice of Docketing . . . . . . . . . . . . 53

December 3, 2004 Notice of Appeal . . . . . . . . . . . . . . 54

## APPENDIX VOLUME THREE

December 3, 2004 Notice of Docketing . . . . . . . . . . . . 63

November 23, 2004 Notice of Appeal indicating receipt by contracting officer on November 29, 2004 . . . . . . . . . . . . . . . . . . . . . 64

SRC ASBCA Complaint . . . . . . . . . . . . . . . . . . . . . . 69

## APPENDIX VOLUME FOUR

Government Answer . . . . . . . . . . . . . . . . . . . . . . . 86

November 16, 2005 letter to ASBCA (with attachments) . . . . 106

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STATES ROOFING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-960C |
| v. | ) | (Judge Bush) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, pursuant to RCFC 12(b)(1), respectfully requests that the Court dismiss plaintiff's complaint for lack of jurisdiction. In support of this motion, we rely upon the complaint, the attached appendix, and the following brief.

DEFENDANT'S BRIEF

STATEMENT OF THE CASE

I. Nature Of The Case

Plaintiff States Roofing Corporation ("SRC") has filed this action as a "protective appeal" requesting that the Court stay proceedings while SRC litigates to conclusion the identical claims already being litigated in the Armed Services Board of Contract Appeals ("ASBCA" or "board"). Comp. ¶¶ 2, 4.[1]

II. Issue Presented

Whether this Court lacks subject matter jurisdiction to consider SRC's complaint where SRC irrevocably elected to pursue

[1] "Comp. ¶ ___" refers to plaintiff's complaint. "A ___" refers to the appendix accompanying this motion.

the same cause of action at the ASBCA, which docketed the appeals prior to SRC's filing its complaint in this Court.

III. Statement of Facts

The Department of the Navy, Navy Facilities Engineering Command, awarded SRC contract no. N62470-97-C-83197, for roof replacement, wall repair, and painting of a building located at the Naval Air Station in Norfolk, Virginia. Comp. ¶ 6. On or about April 18, 2003, SRC requested a final decision concerning various outstanding requests for equitable adjustment ("REA") that SRC previously had submitted to the contracting officer for consideration. Comp. ¶¶ 8-9.

Subsequent to its request for a final decision, the contracting officer resolved certain of the claims. Comp. ¶ 10. The contracting officer did not issue a final decision on the unresolved claim within the deadline set by the Contract Disputes Act, and SRC petitioned the ASBCA to direct the contracting officer to issue a decision. Comp. ¶ 12 (citing ASBCA No. 54505-908). By order dated June 9, 2004, the ASBCA directed the contracting officer to issue a decision by September 1, 2004, allowing time for the Defense Contract Audit Agency to complete an audit of the claims. Id.

On or about August 25, 2004, SRC submitted additional information to the contracting officer regarding certain of the claims, increasing the amount sought by $73,968.26. Comp. ¶ 13.

On September 1, 2004, the contracting officer issued final decision no. L04-015 regarding SRC's April 18, 2003 claim, advising SRC that the August 25, 2004 additional information had not been considered and would be treated separately. Comp.¶ 14. On September 30, 2004, the contracting officer issued final decision no. L04-018 regarding SRC's August 25, 2004 supplemental claim. Comp. ¶ 16.

SRC received final decision no. L04-015 by Certified Mail on September 3, 2004. A 32. SRC received final decision no. L04-018 by facsimile and electronic mail on September 30, 2004. A 36.

Both final decisions contained the following statement:

> This is the Final Decision of the Contracting Officer. This Decision may be appealed to the Armed Services Board of Contract Appeals, which is the authorized representative of the Secretary for hearing and determining contract disputes. If you decide to appeal this decision, written notice thereof must be mailed or otherwise furnished to the Armed Services Board of Contract Appeals, Skyline Six, 5109 Leesburg Pike, 7th Floor, Falls Church, Virginia 22041, within ninety days from the date you received this decision. A copy thereof shall be furnished to the Contracting Officer from whose decision the appeal is taken at the address set forth at the head of this letter, Attention: Director, Contracts Division. The notice should indicate that an appeal is intended, should reference this decision, identify the contract by number, and state the amount in dispute. The rules of procedure of the Armed Services Board of Contract Appeals are in the Defense Acquisition Regulation, Appendix A, Part Two. Optional Accelerated Procedures

> are available in appeals involving $100,000 or less and Small Claims (expedited) procedures are available in appeals involving $50,000 or less.
>
> In lieu of appealing to the Board of Contract Appeals, you may bring action directly in the U.S. Federal Court of Claims within 12 months of the date you receive this decision (except as provided in Section 4 of the Act (Maritime Contracts).

A 30-31, 34-35.[2]

On November 23, 2004, SRC sent a notice of appeal ("NOA") for final decision no. L04-018 to the ASBCA via United States mail, which the board received and docketed on November 29, 2004, as ASBCA No. 54854. A 48, 53. SRC likewise, on November 23, 2004, sent a NOA for final decision no. L04-015 to the ASBCA via United States mail. However, the package was returned to SRC for insufficient postage. On December 3, 2004, SRC resubmitted its NOA via facsimile transmission and United States mail, which the board received and docketed on December 3, 2004, as ASBCA No. 54860. A 54, 63.

The contracting officer received her copy of SRC's NOA of Final Decision L04-015 on November 29, 2004. A 64. SRC filed a joint complaint for ASBCA Nos. 54854 and 54860 on January 4,

---

[2] ASBCA Rule 1(a) states "[n]otice of an appeal shall be in writing and mailed or otherwise furnished to the Board within 90 days from the date of receipt of a contracting officer's decision. A copy thereof shall be furnished to the contracting officer from whose decision the appeal is taken." A 47.

2005. A 69. The Navy filed its answer to the complaint on February 11, 2005. A 86.

SRC filed its complaint in this Court on August 31, 2005.

## SUMMARY OF THE ARGUMENT

The Election Doctrine mandates that SRC's REA claim be dismissed for lack of subject matter jurisdiction. When SRC filed its appeals with the ASBCA directly challenging the contracting officer's two final decision upon SRC's REA claims, SRC made a binding election to proceed in that forum, to the exclusion of this Court's jurisdiction. SRC readily admits that its earlier-filed actions with the board present the same claims lodged in this Court. Indeed, SRC admits that it has filed in this Court a "protective appeal" of the same final decisions. Because of SRC's binding election, subject matter jurisdiction to resolve its REA claims is, and always will be, exclusively with the board.

## ARGUMENT

### I. Plaintiff Bears The Burden Of Establishing That This Court Possesses Jurisdiction To Consider This Action

Plaintiff bears the burden of establishing by preponderant evidence that the Court has jurisdiction to consider this suit. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936); Reynolds v. Army and Air Force Exchange Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Saladino v. United States, 62 Fed. Cl. 782, 786 (2004). Where "a plaintiff's allegations of

jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." Thomson v. Gaskill, 315 U.S. 442, 446 (1942); accord Farmers Grain Co. of Esmond v. United States, 29 Fed. Cl. 684, 686 (1993) (where motion "challenges the truth of the jurisdictional facts alleged in the complaint . . . the court may consider relevant evidence in order to resolve the factual dispute").[3]

In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990). If the factual basis for jurisdiction is challenged, the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion. Gibbs v. Buck, 307 U.S. 66, 72 (1939).

The complaint here fails to offer a proper basis upon which this Court can assert its jurisdiction to consider plaintiff's

---

[3] This motion is directed toward the Court's jurisdiction and properly is styled a motion to dismiss, rather than a motion for summary judgment. Reynolds, 846 F.2d at 747; Cupey Bajo Nursing Home, Inc. v. United States, 23 Cl. Ct. 406, 411-12 (1991) (motion for summary judgment based upon lack of jurisdiction treated as motion to dismiss).

claims. As we discuss below, SRC cannot establish jurisdiction in this Court pursuant to the Tucker Act. Accordingly, the Court should dismiss the complaint for lack of subject matter jurisdiction.

## II. The Election Doctrine Limits The Jurisdiction Of This Court

The United States is immune from suit unless Congress specifically waives the Government's immunity. See United States v. Testan, 424 U.S. 392, 399 (1976). The Tucker Act grants this Court jurisdiction to "render judgment upon any claim against the United States founded . . . upon . . . any Act of Congress." 28 U.S.C. § 1491. As SRC has admitted in paragraph 1 of its complaint, its present action has been brought pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 609. Comp. ¶ 1.

The CDA provides alternative forums for challenging a contracting officer's final decision: a contractor may file an appeal and pursue a complaint with the appropriate board of contract appeals, 41 U.S.C. § 606, or file a complaint with the Court of Federal Claims. 41 U.S.C. § 609(a)(1). Pursuant to the Election Doctrine, courts consistently have interpreted the CDA as requiring a plaintiff to choose between appealing a final decision of the contracting officer in this Court or appealing before the board of contract appeals. Bonneville Associates v. United States, 43 F.3d 649, 653 (Fed. Cir. 1994).

"[O]nce a contractor makes a binding election to appeal the CO's final decision to a board of contract appeals or to the Court of Federal Claims, the contractor can no longer pursue its claim in the other forum." Id. (citing National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542 (Fed. Cir. 1988)); see Mobility Sys. & Equip. Co. v. United States, 51 Fed Cl. 233 (2001) (Court of Federal Claims lacks jurisdiction to consider claim once contractor made binding election to bring claim before agency board of contract appeals); Synernet Corp. v. United States, 41 Fed. Cl. 375, 386 (1998), aff'd, 215 F.3d 1348 (1999) (table) (election of remedies irrevocable once contractor selects forum in which to bring appeal).

III. SRC Made An Informed, Knowing, And Voluntary Election To Proceed Before The ASBCA

SRC's complaint, and its pleadings filed with the board, conclusively establish that SRC elected the board as the forum in which it would challenge the contracting officer's denial of its REA claims. Indeed, SRC admits that it prefers to litigate the claims in the ASBCA. Comp. ¶ 5. Once the election to appeal a contracting officer's adverse decisions to the board has been established, the only remaining issue is whether the election was "informed, knowing and voluntary." Bonneville, 43 F.3d at 655 (quoting Mark Smith Constr. Co., Inc. v. United States, 10 Cl. Ct. 540, 544 (1986)). While this criteria usually is dispositive, courts have also looked to whether plaintiff filed

an actual complaint before the board. Mark Smith Constr. Co., 10 Cl. Ct. at 544-45.

Here, SRC made an informed, knowing, and voluntary decision to proceed with its claims before the board. SRC has filed a complaint with the board and the case currently is being litigated in that forum. As in Bonneville Associates v. United States, 30 Fed. Cl. 85, 89-90 (1993), aff'd, 43 F.3d 649, 655 (1994), SRC was advised that the contracting officer's decision was final and that SRC had a right to appeal the decision to the board within 90 days or to the Court of Federal Claims within 12 months.

When SRC filed its NOA and complaint before the board, after the contracting officer properly advised SRC of its right and choice of proceeding before the board or this Court, SRC made its informed, knowing, and voluntary election of forum. See Bonneville, 43 F.3d at 655 (noting that Bonneville did not challenge upon appeal Court of Federal Claims' finding that Bonneville's election was informed, knowing, and voluntary). That irrevocable election deprives this Court of jurisdiction.

IV. SRC's Appeal Currently Is Being Litigated By The ASBCA

SRC admits that it filed its complaint in this Court because of its concern that a jurisdictional issue may arise at the board regarding the timeliness of SRC's appeal of final decision no. L04-15, which originally was returned to SRC for insufficient

postage. Although the board did not receive SRC's NOA for final decision L04-015 until December 3, 2004 – 91 days after the receipt of the decision, the contracting officer received her copy of the NOA on November 29, 2004.

The ASBCA previously has held in Thompson Aerospace, Inc., ASBCA No. 51548, 99-1 BCA ¶ 30,232, at 149,569, that where a NOA directed to the board is returned for insufficient postage, the NOA still may be considered timely filed if the contracting officer received a copy of the contractor's NOA within the 90-day appeal period. In Thompson, the board noted long-standing ASBCA precedent holding that the date of filing of an appeal is the postmark date. 90-2 BCA at 149,569 (citing B.M.S., Inc., ASBCA No. 35430, 90-2 BCA ¶ 22,819; North Coast Remanufacturing, Inc., ASBCA No. 38599, 89-3 BCA ¶ 22,232).

The board likewise noted in Thompson that a NOA is considered valid when served upon the contracting officer, rather than upon the board directly. 90-2 BCA at 149,569 (citing Hellenic Express, ASBCA No. 47129, 94-3 BCA ¶ 7,189; Yankee Telecommunication Laboratories, Inc., ASBCA No. 25240, 82-1 BCA ¶ 15,515). As stated by the ASBCA, "[i]f the NOA is otherwise sufficient in content, filing the notice with the contracting officer is tantamount to filing an appeal with this Board." 90-2 BCA at 149,569 (quoting McNamara-Lunz Vans & Warehouses, Inc.,

ASBCA No. 38057, 89-2 BCA ¶ 21,636 at 108,856; citing I.T.S. Corporation, ASBCA No. 31993, 86-1 BCA ¶ 18,678).[4]

An exception to the binding nature of the Election Doctrine is where the board dismisses an action as untimely. Under such circumstances, a contractor may file a subsequent action with this Court. Cosmic Construction Co. v. United States, 5 Cl. Ct. 237 (1984) (citing Olsberg Excavation Co. v. United States, 3 Cl. Ct. 249 (1983)). Here, however, SRC's claims are being litigated with the board. The board has accepted and docketed both notices of appeal, SRC has filed a complaint in both actions, which the Government has answered, and the parties now are proceeding with discovery. Indeed, in response to an inquiry by the board, both parties acknowledged the ASBCA's jurisdiction to consider SRC's appeal of final decision no. L04-15. A 106. SRC's election with the board remains binding.

Citing Burke v. United States, 5 Cl. Ct. 759, 760 (1984), SRC argues that it has a right to file a "protective appeal" with

---

[4] The board's interpretation of the 90-day appeal period (set forth in 48 C.F.R. § 33.211(a)(4)(v)) is entitled to deference. United States v. Mead Corp., 533 U.S. 218, 228 (2001). Here, the board, which "is the authorized representative of the Secretary for hearing and determining contract disputes," A 30, 34, concluded that receipt of the NOA by the contracting officer constitutes timely receipt of the NOA by the Department of Defense. That interpretation is consistent with the regulation's language, is not clearly erroneous, and thus is entitled to deference. See The Crude Co. v. FERC, 135 F.3d 1445, 1451 (Fed. Cir. 1998) ("an agency may choose to interpret its regulations through adjudication as well as through rulemaking").

this Court.[5] SRC's reliance upon that case is misplaced. In Burke, the Court held that it did not have jurisdiction to consider a claim for back pay because the statute of limitations barred plaintiffs' claims. The court held that the administrative remedies pursued by plaintiffs were not mandatory and, accordingly, did not toll running of the statute of limitations. In dismissing the complaint, the court noted that plaintiffs could have filed a "protective claim" with the Court because it had exclusive jurisdiction to consider the claims.

That is not the situation here. As demonstrated above, the Court here lacks jurisdiction in the first instance to consider SRC's complaint because SRC has elected to pursue its claims with the ASBCA. This Court simply does not have jurisdiction to maintain this action, even if characterized as only a "protective appeal."

## CONCLUSION

For these reasons, defendant respectfully requests that its motion to dismiss be granted and that plaintiff's complaint be dismissed.

[5] Because this Court lacks jurisdiction to consider SRC's complaint, its request to stay proceedings (included as part of its complaint) should be denied as moot.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:

DAVID KOMAN
Department of the Navy

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

December 30, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 30, 2005, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS," "APPENDIX VOLUME ONE," "APPENDIX VOLUME TWO," "APPENDIX VOLUME THREE," AND "APPENDIX VOLUME FOUR" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON