No. 05-960C
(Judge Bush)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STATES ROOFING CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S MOTION TO DISMISS
APPENDIX VOLUME FOUR

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

OF COUNSEL:

DAVID KOMAN
Department of the Navy

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

December 30, 2005

Attorneys for Defendant

# INDEX TO APPENDIX

Page(s)

## APPENDIX VOLUME ONE

September 1, 2004 Final Decision . . . . . . . . . . . . . . . . . . 1

## APPENDIX VOLUME TWO

September 1, 2004 Final Decision (cont.) . . . . . . . . . . . . 27

Final Decision no. L04-015 Certified Mail Receipt dated September 3, 2004 . . . . . . . . . . . . . . 32

September 30, 2004 Final Decision . . . . . . . . . . . . . . . 34

September 30, 2004 Final Decision (facsimile copy) and email . . . . . . . . . . . . . . . . . 36

ASBCA Rules (selected portions) . . . . . . . . . . . . . . . . . 42

November 23, 2004 Notice of Appeal . . . . . . . . . . . . . . . 48

November 29, 2004 Notice of Docketing . . . . . . . . . . . . . 53

December 3, 2004 Notice of Appeal . . . . . . . . . . . . . . . 54

## APPENDIX VOLUME THREE

December 3, 2004 Notice of Docketing . . . . . . . . . . . . . . 63

November 23, 2004 Notice of Appeal indicating receipt by contracting officer on November 29, 2004 . . . . . . . . . . . . . . . . . . . . . . 64

SRC ASBCA Complaint . . . . . . . . . . . . . . . . . . . . . . . 69

## APPENDIX VOLUME FOUR

Government Answer . . . . . . . . . . . . . . . . . . . . . . . . 86

November 16, 2005 letter to ASBCA (with attachments) . . . . 106

BEFORE THE
ARMED SERVICES BOARD OF CONTRACT APPEALS
FALLS CHURCH, VIRGINIA

| | | |
|---|---|---|
| Appeal of<br><br>STATES ROOFING CORPORATION,<br><br><br>Under Contract No. N62470-97-C-8319 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ASBCA Nos. 54854; and 54860 |

## ANSWER

Pursuant to Rule 6(b) of the Rules of the Armed Services Board of Contract Appeals ("ASBCA" or "Board"), the Department of the Navy ("Government"), by and through its undersigned counsel, answers the numbered allegations in States Roofing Corporation's ("Appellant" or "SRC") Complaint, and admits, denies, and avers as follows:

1. The allegations contained in sentence 1 of paragraph 1 are admitted. In sentence 2 of paragraph 1, the Government admits that SRC is a licensed contractor, but lacks sufficient information to admit or to deny whether SRC "specializes in roofing construction, including renovation and new construction". In sentence 3 of paragraph 1, the Government lacks sufficient knowledge to admit or to deny the allegations.

2. In paragraph 2 of the Complaint, the Government admits with clarification that the correct contract number is N62470-97-C-8319.

3. Sentence 1 paragraph 3 contains conclusions of law and Appellant's characterizations of its suit to which no answer is required. In sentence 2 of paragraph 3, the Government admits that it has made contract adjustments for some, but not all, of the

items claimed by SRC; whether they resulted from defective contract documents, differing site conditions or "changes," are conclusions of law and Appellant's characterizations of its suit to which no answer is required.

4. The Government admits the allegation in sentence 1 of the paragraph 4, with the exception that it lacks sufficient knowledge to admit or to deny what contract adjustments SRC "believed due". In sentence 2 of paragraph 4, the Government admits that SRC submitted requests for equitable adjustments (REAs) to the Navy, and that some REAs were submitted in response to the Government's requests for additional information. Further, the Government denies the allegation in sentence 2 of paragraph 4 that the outstanding modifications were "due."

5. The allegations contained in sentence 1 of paragraph 5 are admitted. The allegations contained in sentence 2 of paragraph 5 are denied. Further, the Government avers that SRC sought $1,681,238.00 in its 18 April 2003 Request for Final Decision ("RFFD") -- not $1,696,492.00.

6. The allegations contained in sentence 1 of paragraph 6 are admitted with two exceptions. First, the correct number of the unilateral modification in question is P00007. By way of explanation, the Navy computer's system temporarily numbered this Modification as P00008 on the copy received by SRC, however, the official file was corrected to reflect the correct numbering as P00007. Second, the Government denies that P00007 was only intended to provide "partial resolution" to SRC. [1] The Government admits the allegations contained in sentence 2 of paragraph 6 to the extent supported by

[1] The allegations contained in footnote 1 are denied.

Modification P00007 (see explanation above about the numbering of the modification), which is the best evidence of their contents.

7. Sentence 1 paragraph 7 contains conclusions of law and Appellant's characterizations of its suit to which no answer is required. The allegations contained in sentences 2 and 3 of paragraph 7 are admitted.

8. The allegations contained in sentence 1 of paragraph 8 are admitted. In sentence 2 of paragraph 8, the Government is without sufficient knowledge, information, or belief to either affirm or deny the allegations regarding the Board's intention as to why it issued the order.

9. The Government admits in sentence 1 of paragraph 9 that SRC submitted what it called "supplemental information regarding these claim items", but the Government is without sufficient knowledge, information, or belief to either affirm or deny the alleged reasons why SRC furnished the supplemental information. The allegations contained in sentence 2 of paragraph 9 are admitted. The allegations contained in sentence 3 of paragraph 9 are denied. Further, the Government avers that the supplemental information increased the amount of SRC's claim by $89,222.26 -- not $73,968.26.[2]

10. Admit.

11. Sentence 1 of paragraph 11 is admitted with clarification that the Government did not find full entitlement on the cited items. The allegations contained in sentence 2 of paragraph 11 are admitted except that the correct number of the modification is P00007 (see response to paragraph 6). The allegations contained in sentence 3 of paragraph 11

[2] The Government admits the allegation that it has not furnished SRC with the audit results, but denies the remainder of the allegations in sentence 1 of footnote 2. The Government is without sufficient knowledge, information, or belief to affirm or deny the allegations in sentence 2 of footnote 2, but to the extent that a response may be deemed required, denied.

are admitted with the exception of the quoted material, which is quoted slightly incorrect. It should read "[i]n accordance with the Contracting Officers Final Decision L04-15 dated 1 September 2004. . . ." In sentence 4 of paragraph 11, the Government admits only that Modification P00008 contained interest, but denies the amount of interest alleged by SRC. Further, the Government avers that the actual amount of interest was $3,147.00.[3] [4]

12. Admit.

13. Sentences 1 and 2 paragraph 13 contain conclusions of law and Appellant's characterizations of its suit to which no answer is required.

a. The allegations contained in sentence 1 of subparagraph a are admitted. In sentence 2 of subparagraph a, the Government is without sufficient knowledge, information, or belief to either affirm or deny the allegations, but to the extent a response may be deemed required, denied. In sentence 3 of subparagraph a, the Government admits only that the Board returned a copy of the notice of appeal to SRC because of insufficient postage and the Board docketed SRC's appeal on 3 December 2004 as ASBCA No. 54860. Sentences 4 and 5 of subparagraph a contain conclusions of law and Appellant's characterizations of its suit to which no answer is required.

b. In sentence 1 of subparagraph b, the Government is without sufficient knowledge, information, or belief to either affirm or deny the allegations, but to the extent a response may be deemed required, denied. In sentence 2 of subparagraph b, the

[3] The allegations contained in Footnote 3 are admitted.

[4] The allegations contained in Footnote 4 are admitted. The Government affirmatively avers that Mod P00009 was issued on 1 Feb 05 to make an administrative change and correct the total contract price to $2,893,782.00.

Government admits only that the Board docketed ASBCA No. 54854 on November 29, 2004, and that the docketing was within 90 days of September 30, 2004.

14. Deny.

15. The Government admits only the allegations contained in sentence 1 of paragraph 15 to the extent supported by SRC's notice of appeal, applicable summaries, and attachments to the RFFD, which are the best evidence of their contents. The allegations contained in sentence 2 of paragraph 15 are denied.

a. **Claim Item 1 (Crane Rental Costs) and Claim Item 61 (Equipment Lifts and Stand-By Crane Time):** The allegations contained in sentence 1 of subparagraph a are admitted with certain exceptions identified in the September 12, 2000 pre-construction conference meeting minutes (Rule 4, Tab 4 at GOV0000708). Further, the Government admits that the 1 September 2004 Contracting Officer's Final Decision recognized Claim Item 1 as a change, but did not award SRC the full amount of compensation SRC sought. (Rule 4, Tab 143 at GOV0001313-1314.) Sentence 2 of subparagraph a contains conclusions of law and Appellant's characterizations of its suit to which no answer is required. The allegations contained in sentences 3 and 4 of subparagraph a are admitted. In sentence 5 of subparagraph a, the Government admits only that no base regulations precluded use of the referenced elevator.

Sentence 6 subparagraph a contains conclusions of law and Appellant's characterizations of its suit to which no answer is required. The Government avers, however, that SRC used a crane to move material to the roof of Building W143. In sentence 7 of subparagraph a, the Government admits only that SRC furnished a cost proposal for the alleged change as requested by the Government.

Sentences 8 and 9 of subparagraph a contain conclusions of law and Appellant's characterizations of its suit to which no answer is required. Further, the Government avers in sentence 9 of subparagraph a that it precluded SRC from using Elevator 6 at Building W143 after performance of the subject contract began.

Sentences 10 and 11 of subparagraph a contain conclusions of law and Appellant's characterizations of its suit to which no answer is required.

The allegations contained in sentence 12 of subparagraph a are denied. The Government avers that SRC did not provide a proposal until 9 November 2000, which was after SRC started contract performance. In sentence 13 of subparagraph a, the Government admits only that SRC provided it certain data regarding its costs of crane usage. Further, the Government is without sufficient knowledge, information, or belief to either affirm or deny whether SRC responded to all Government inquiries regarding how and why the crane was operated and manned, but to the extent a response may be deemed required, denied. In sentence 14 of subparagraph a, the Government is without sufficient knowledge, information, or belief to either affirm or deny whether SRC collected all crane related costs for reimbursement as a separate change element, but to the extent a response may be deemed required, denied.

The allegations contained in sentences 15 and 16 of subparagraph a are denied.

b. **Claim Item 2 (Parapet Walls):** The allegations contained in sentence 1 of subparagraph b are admitted. The allegations contained in sentence 2 of subparagraph b are denied. The Government admits the allegations contained in sentence 3 of subparagraph b to the extent supported by the subject contract and specifications, which are the best evidence of its content. The first clause in sentence 4 of subparagraph b,

which addresses what the contract specifications required, contains conclusions of law and Appellant's characterizations of its suit to which no answer is required. Regarding the remainder of sentence 4, the Government is without sufficient knowledge, information, or belief to either affirm or deny how SRC interpreted the specifications and denies that SRC's purported interpretation "is consistent with other specifications and standards within the roofing industry. Further, the Government avers that several detailed contract drawings indicated that a 3-ply waterproof membrane was to be installed on the back of the parapet walls. Drawing Page A38 contains a large diagram entitled "Typical Flashing Detail @ Roof Drains & Parapet Walls," which indicated in great detail, the exact method of repair to be used for the parapet walls. The drawing graphically indicated that a three-layer coating was required on the wall and provided a "new work note" explaining that the coating is a "waterproofing membrane (3 layers)." Drawing Page A40 contained another detail of the parapet, entitled "Typical Exp. Joint Detail @ Parapet & PH," which also indicated the need for a "waterproof membrane (3 layers)."

In sentence 5 of subparagraph b, the Government admits that the Resident Officer in Charge of Construction ("ROICC") interpreted the Contract specification to require SRC to install a bituminous 3-ply membrane on the backside of the parapet wall and that such was shown on the contract drawings. Further, the Government admits in sentence 5 of paragraph b that details of a parapet bituminous membrane were not included in the specifications. The allegations contained in sentence 6 of subparagraph b are denied. The Government avers that by letter dated 2 February 2001, the Navy's Assistant Resident Officer in Charge of Construction ("AROICC") required SRC "to provide a product of minimum quality as shown on the drawings". (Rule 4, Volume 4 at GOV0001576-1577).

The ARОICC's letter also enclosed an example of a product that was indicated in the drawings. (*Id.* at GOV0001577-1582). Further, the Government avers in response to sentence 7 of subparagraph b that SRC wrongly implies that the Navy directed SRC to use one specific product at the exclusion of other products that met the minimum quality as shown on the drawings. In sentence 7 of subparagraph b, the Government admits only that SRC installed a waterproof membrane for the parapet walls.

The Government admits the allegations contained in sentences 8-13 of subparagraph b to the extent supported by the subject contract and specifications, which are the best evidence of their contents. Sentence 14 subparagraph b contains conclusions of law and Appellant's characterizations of its suit to which no answer is required.

Sentence 15 of subparagraph b is admitted with the clarification that SRC quotes from the AROICC's 2 February 2001 letter to SRC (Rule 4, Volume 4 at GOV0001576) - not from the Contracting Officer's Final Decision ("COFD"). The allegations contained in sentence 16 of subparagraph b are admitted with exception to SRC's use of the verb, "argues". The allegations contained in sentence 17 of subparagraph b are admitted with clarification that SRC quotes from the AROICC's 2 February 2001 letter to SRC (Rule 4, Volume 4 at GOV0001576).

In Sentence 18 of subparagraph b, the Government admits only that the AROICC's 2 February 2001 letter to SRC contained the referenced quote. Sentence 19 subparagraph b contains conclusions of law and Appellant's characterizations of its suit to which no answer is required.

093

The allegations contained in sentences 20-22 of subparagraph b are denied. In sentence 23 of subparagraph b, the Government admits only that SRC made similar allegations to the Contracting Officer.

The allegations contained in sentences 24 and 25 of subparagraph b are admitted. In sentence 26 of subparagraph b, the Government admits only that it has not previously awarded SRC any compensation for this claim item.

c. **Claim Item 3 (Credit for Deletion of Wood Blocking):** In sentence 1 of subparagraph c, the Government is without sufficient knowledge, information, or belief to either affirm or deny whether SRC recommended deleting the wood nailers at the parapet perimeter and expansion joints at the pre-construction conference, but to the extent a response may be deemed required, denied. In sentence 2 of subparagraph c, the Government admits only that it decided to delete the installation of wood blocking at the parapet perimeter and expansion joints. Further, the Government admits that SRC provided it with a credit proposal for the deletion and that such proposal was derived from R.S. Means Guide, but denies any implication that the proposal was derived properly from the R.S. Means Guide. The allegations contained in sentence 3 and 4 of subparagraph c are denied.

d. **Claim Item 14 (Lost Time: Tractor Trailer):** In sentences 1 and 2 of subparagraph d, the Government is without sufficient knowledge, information, or belief to either affirm or deny the allegations, but to the extent a response may be deemed required, denied. The allegations contained in sentence 3 of subparagraph d are denied.

e. **Claim Item 15 (Fire Drill):** The allegations contained in sentence 1 of subparagraph e are denied. Further, the Government avers that the building fire alarm

094

was activated on the date alleged and all workers were required to vacate the building for approximately one hour, but it was not, as SRC alleges, a "fire drill". In sentence 2 of subparagraph e, the Government is without sufficient knowledge, information, or belief to either affirm or deny the allegations, but to the extent a response may be deemed required, denied. The allegations contained in sentences 3 and 4 of subparagraph e are denied.

f. **Claim Item 18 (Remove Antenna Bracket):** The allegations contained in sentence 1 of subparagraph f are admitted. In sentence 2 of subparagraph f, the Government admits only that it awarded SRC compensation in the amount of $224.00 for this item.

g. **Claim Item 21 (Crack Door, Roof C):** The allegations contained in sentence 1 of subparagraph g are admitted. In sentence 2 of subparagraph g, the Government admits only that a crack caused the leak. In sentence 3 of subparagraph g, the Government admits only that SRC installed a watertight sheet with hot asphalt. In sentence 4 of subparagraph g, the Government admits only that SRC claimed $1,452.00 for this claim item, which was accordingly denied.

h. **Claim Item 23 (Cancellation of Roof Cells D & F):** In sentence 1 of subparagraph h, the Government admits only that it cancelled contract work on Roof Cells D and F on or about 20 April 2001. Further, the Government denies the allegation that it "unexpectedly announced it was considering cancellation of Roof Cells D and F, some 8 months into a 12-month contract". Sentences 2 and 3 of subparagraph h contain conclusions of law and Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied. In sentence 4

of subparagraph h, the Government admits only that SRC valued the cancellation of Roof Cells D and F at $220,667.00. Sentence 5 and 6 of subparagraph h contain conclusions of law and Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied.

i. **Claim Item 25 (Leak Clean-up):** In sentence 1 of subparagraph i, the Government admits only that the leak in question occurred at night during a period of government-directed work. The Government avers that it directed SRC to accomplish demolition of Cell E at night during the June 2001 timeframe due to numerous safety problems SRC had, which were endangering occupants of the building. Further, the Government avers that SRC was compensated for the night shift work in question under Modification P00007, Item o., page 4. Sentence 2 of subparagraph i contains conclusions of law and Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied.

j. **Claim Item 38 (Conex Boxes):** In sentence 1 of subparagraph j, the Government denies the allegation that "SRC had to use Conex boxes to store the material for re-roofing". The allegations contained in Sentence 2 of subparagraph j are denied. Further, the Government avers that the subject contract specifications required SRC to provide its own storage container and "store roll materials in enclosed buildings or trailers with adequate ventilation". (Rule 4, Volume 1 at GOV0000274 and GOV0000282, Specification Section 7220, paragraph 1.3.2 Storage and Handling and 07511, paragraph 1.4.2 Storage)

k. **Claim Item 39 (Cracks in Concrete, Cell E):** The allegations contained in sentence 1 of subparagraph k relate to matters and information peculiarly

within the purview of Appellant and to which the Government cannot form a responsive pleading, but insofar as an answer may be deemed necessary, denied. In sentence 2 of subparagraph k, the Government admits only that SRC installed two layers of base sheet hot mopped in asphalt. The Government avers that it received a Request For Information ("RFI") dated 30 August 2001, from SRC informing the Government that it had installed two layers of base sheet hot mopped in asphalt, as a temporary roof, in an effort to rectify the leak problems until a permanent roofing system on Cell E could be installed. Further, the Government avers that on or about 23 October 2001, it informed SRC that the Government never gave direction to install two layers of base sheet and that SRC had a contractual obligation to maintain a watertight roof throughout contract performance. The allegations contained in sentences 3 and 4 of subparagraph k are denied. The Government denies the remainder of allegations contained in subparagraph k including the allegation in sentence 5 that Appellant is entitled to " at least $30,685" for unforeseen roof defects.

l. <u>**Claim Item 48 (Surplus Material and Equipment):**</u> In sentence 1 of subparagraph l, the Government admits only that it did not provide immediate direction to SRC for disposition of the surplus material and equipment left on site. The Government admits the allegations contained in sentence 2 of subparagraph l and avers that SRC was fully compensated for the re-stocking/transportation/storage of surplus material and equipment during negotiation of the value for deleted work at Cells D and F, which resulted in a Government-credit reduction of approximately $16,000. In sentence 3 of subparagraph l, the Government denies that Appellant "will likely incur additional costs transporting the surplus material to vendors and in restocking fees". Further, the Government avers that a Defense Contract Audit Agency ("DCAA") audit revealed that

097

Appellant did not restock the surplus materials. Rather, SRC disposed of the items, despite its receipt of payment from the Government for restocking charges. The allegations contained in sentence 4 of subparagraph l are denied.

m. **Claim Item 50 (Submittal Register):** Sentence 1 subparagraph m contains conclusions of law and Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied. The Government admits sentences 2 and 3 of subparagraph m. In sentence 4 of subparagraph m, the Government denies the allegations that "the government official responsible for the submittal register (Lt. Hale) went on leave for 3 weeks" for lack of knowledge or information sufficient to form a belief as to the truth of the matter alleged. Further, the Government denies the allegation in sentence 4 of subparagraph m that "the submittal register was left in limbo during his absence". In sentence 5 of subparagraph m, the Government is without sufficient knowledge, information, or belief to either affirm or deny the allegations, but to the extent a response may be deemed required, denied.

The allegations in sentence 6 of subparagraph m are denied. The Government avers that the initial submittal register was provided in the specifications at the time of bidding and when the contract was awarded on 7 August 2000. The Government further avers that SRC sent the Government notice of errors in submittal register approximately forty-three calendar days after award. The allegations contained in sentence 7 of subparagraph m relate to matters/information peculiarly within the purview of Appellant and to which the Government cannot form a responsive pleading, but insofar as an answer may be deemed necessary, deny. The Government denies the remainder of allegations contained in subparagraph m including the allegation in sentence 8 that

Appellant is entitled to " a monetary adjustment of $11,813 and a time adjustment of 50 days due" for the inaccurate submittal register.

n. **Claim Item 51 (Safety Assurance):** The Government admits the allegations contained in sentence 1 of subparagraph n to the extent supported by the subject contract, which is the best evidence of its content. The allegations contained in sentence 2 of subparagraph n relate to matters and information peculiarly within the purview of Appellant and to which the Government cannot form a responsive pleading, but insofar as an answer may be deemed necessary, denied. The Government denies the remainder of allegations contained in subparagraph n including the allegation in sentence 3 that Appellant is entitled " to the costs" for having a full time safety manager on the Project. Further, the Government avers that during a contract performance meeting held on 29 January 2001, SRC offered to provide a full time safety manager in response to its numerous contract performance safety violations.

o. **Claim Item 52 (Acceleration):** The allegations contained in sentence 1 of subparagraph o relate to matters and information peculiarly within the purview of Appellant and to which the Government cannot form a responsive pleading, but insofar as an answer may be deemed necessary, denied. Sentence 2 of subparagraph o contains conclusions of law and Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied.

p. **Claim Item 53 (General Conditions Time Extension):** In sentence 1 of subparagraph p, the Government admits only that it awarded SRC monetary compensation and 45 days for differing site conditions encountered during contract performance. The Government avers that it fully compensated SRC for its extended field

overhead costs covering the 81 calendar days of delay under contract modification P00007, Item bb., page 5, in the amount of $32,007.00. The Government further avers that the COFD dated 01 September 2004 granted SRC an additional $356.00 for accounting differences pertaining to SRC's "general conditions time extension" claim (CP #100). The allegations contained in sentence 2 of subparagraph p are denied. The Government denies the remainder of allegations contained in subparagraph p including the allegation in sentence 3 that Appellant is entitled to "an additional 37 days and $54,788" for "general conditions time extension".

q. **Claim Item 55 (Leak Repairs, Roof Cell E):** In sentence 1 of subparagraph q, the Government admits only that the SRC was notified of a leak in the roof near the lobby elevator of Penthouse #1, but is without sufficient knowledge, information, or belief to either affirm or deny allegations regarding the date "SRC was called to repair" the leak. In sentence 2 of subparagraph q, the Government admits only that the leak in question occurred near Stairwell Penthouse #1. In sentence 3 of subparagraph q, the Government admits only that SRC repaired the leak in question. The Government denies the remainder of allegations contained in subparagraph q including the allegation in sentence 4 that Appellant is entitled to "$1,181" for leak repairs.

r. **Claim Item 57 (Clean Up and Watertight Cell J):** The Government admits the allegations contained in sentence 1 of subparagraph r. In sentence 2 of subparagraph r, the Government is without sufficient knowledge, information, or belief to either affirm or deny the allegations, but to the extent a response may be deemed required, denied. Sentence 3 of subparagraph r contains conclusions of law and

Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied.

s. **<u>Claim Item 58 (Clean Up and Watertight Cell E):</u>** In sentence 1 of subparagraph s, the Government admits only that SRC encountered three 10-inch holes in the concrete roof deck of Cell E. In sentence 2 of subparagraph s, the Government admits only that it directed SRC to clean up the damage resulting from the leaks and repair the holes. The allegations in sentence 3 of subparagraph s are denied. The Government avers that the COFD found entitlement only for SRC's repair of the holes. The Government further avers that the COFD stated SRC was not entitled to compensation for the clean up effort because of SRC's failure to uphold its contractual obligation to maintain a watertight roof throughout contract performance.

t. **<u>Claim Item 59 (Clean Up and Tile Replacement, Captain's Elevator):</u>** In sentence 1 of subparagraph t, the Government admits only that SRC cleaned the damage area near the Captain's elevator. Sentence 2 of subparagraph t contains conclusions of law and Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied.

u. **<u>Claim Item 60 (Lobby Skylight Replacement)[5]:</u>** In sentence 1 of subparagraph u, the Government admits only that a piece of concrete fell onto the lobby skylight of Building W143, damaging the skylight. In sentence 2 of subparagraph u, the Government admits only that it directed SRC to replace the damaged skylight. The Government denies the remainder of allegations contained in subparagraph u including

[5] The allegations contained in footnote 5 relate to matters and information peculiarly within the purview of Appellant and to which the Government cannot form a responsive pleading, but insofar as an answer may be deemed necessary, denied.

101

the allegation in sentence 3 that Appellant is entitled to "$3,849" for replacing the lobby skylight.

v. **Claim Item 66 (Proposal Preparation Costs):** Subparagraph v contains conclusions of law and Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied.

w. **Claim Item 67 (Disruption):** Sentences 1 and 2 of subparagraph w contain conclusions of law and Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied. The allegations contained in Sentence 3 of subparagraph w relate to matters and information peculiarly within the purview of Appellant and to which the Government cannot form a responsive pleading, but insofar as an answer may be deemed necessary, denied.

16. Paragraph 16 of the Complaint contains conclusions of law and Appellant's characterizations of its suit to which no answer is required, but to the extent they may be deemed allegations of fact, denied.[6]

**OTHER ALLEGATIONS IN COMPLAINT**

The remainder of Appellant's Complaint enumerates prayer for relief to which a response is not required. But insofar as a response is required, the Government denies that Appellant is entitled to the relief set forth immediately following paragraph 16, or to any other relief whatsoever.

The Government hereby specifically denies all allegations of the Complaint not hereinbefore expressly admitted, qualified, or denied.

---

[6] The allegations contained in footnote 6 relate to matters and information peculiarly within the purview of Appellant and to which the Government cannot form a responsive pleading, but insofar as an answer may be deemed necessary, denied.

## AFFIRMATIVE DEFENSES

1. Release
2. Assumption of Risk
3. Accord and Satisfaction
4. Sovereign Acts Doctrine

WHEREFORE, having fully answered all allegations in the Complaint, the Government respectfully prays that the Board deny Appellant's appeal in its entirety and grant any such further relief as may be deemed appropriate.

Respectfully submitted,

RICHARD GALLIVAN
Assistant Director

HENRY KARP
Senior Trial Attorney

MONIQUE S. MYATT
Trial Attorney

Navy Litigation Office
720 Kennon Street, S.E., Bldg. 36, RM 233
Washington Navy Yard, D.C. 20374-5013
(202) 686-7034

Date: February 11, 2005

104

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for States Roofing Corporation in the foregoing matter with a copy of this pleading or paper by depositing it in exclusive care of Federal Express, properly addressed as follows:

Neil S. Lowenstein, Esq.
David W. Lannetti
VANDEVENTER BLACK, LLP
500 World Trade Center
Norfolk, Va. 23510
Telephone: (757) 446-8610
Fax: (757) 446-8760
*Counsel for States Roofing Corporation*

On this date: February 11, 2005

MONIQUE S. MYATT
Trial Attorney

DEPARTMENT OF THE NAVY
OFFICE OF THE GENERAL COUNSEL
NAVY LITIGATION OFFICE
720 KENNON STREET SE RM 233
WASHINGTON NAVY YARD DC 20374-5013

November 16, 2005

VIA HAND DELIVERY

Honorable Carol N. Park-Conroy
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, Virginia 22041-3208

Re: ASBCA Nos. 54854 & 54860
Appeals of States Roofing Corp.
Under Contract No. N62470-97-C-8319

Dear Judge Park-Conroy:

Pursuant to the Board's November 3, 2005, conference call instructions, the parties, through their respective counsels, sign this letter acknowledging the Board's jurisdiction for these appeals and identifying which claim items relate solely to quantum and which claim items relate to both entitlement and quantum.

**Jurisdiction**

The issue of jurisdiction involves States Roofing's Notice of Appeal from the Contracting Officer's September 1, 2004, Final Decision L04-015, which was docketed by the Board on December 3, 2004 as ASBCA No. 54860. States Roofing received this Final Decision on September 3, 2004[1] and initially mailed the Notice of Appeal on November 23, 2004, but it was returned to States Roofing for insufficient postage. The Notice of Appeal was resubmitted to the Board on December 3, 2004, ninety-one days from receipt.

The Contracting Officer, however, timely received her copy of the Notice of Appeal on November 29, 2004. *See* Enclosure. According to well-established Board case law, a notice of appeal timely filed with the contracting officer is equivalent to timely filing it with the Board. *Thompson Aerospace, Inc.*, ASBCA No. 51548, 99-1 BCA ¶ 30,232, at 149,569 and cases cited therein.

Moreover States Roofing believes that its companion notice of appeal relating to Final Decision L04-018 further effected timely jurisdiction. That notice of appeal was docketed by the Board on Monday, November 29, 2004 as ASBCA No. 54854, and noted

[1] Rule 4 File, Vol. 3, Tab 143.

therein States Roofing's dissatisfaction with Final Decision L04-015 as well as States Roofing's appeal of the same, thus States Roofing believes, effecting therein timely notice of appeal of Final Decision L04-015 as well as Final Decision L04-018.

Given the foregoing, both parties agree and stipulate that (1) the notices of appeal were timely; and (2) neither party questions the Board's jurisdiction to hear both of these appeals. States Roofing has requested the Government stipulate further that neither party will hereafter seek to challenge jurisdiction in this or any appellate action, but the Government has not agreed to that further stipulation because the Government believes jurisdiction cannot be conveyed and/or waived by the parties.

**Claims**

There are 23[2] contested claims in these appeals totaling $1,249,834.26. These can be broken out into those in which entitlement and quantum is in dispute and those in which there is simply a disagreement over quantum.

**Entitlement and Quantum Claims**

| Claim Description | Current Claim Amount |
|---|---|
| 1) Item 2 – Parapet Walls | $141,323.26 |
| 2) Item 14 – Lost Time – Tractor Trailers | 1,228.00 |
| 3) Item 15 – Lost Time – Fire Drill | 1,005.00 |
| 4) Differing Site Condition Claims: | |
| a) Item 21 – Crack in Deck at Roof C | 1,452.00 |
| b) Item 25 – Leak Clean Up | 758.00 |
| c) Item 39 – Cracks in Concrete Cell E | 30,685.00 |
| d) Item 57 – Clean Up and Watertight Efforts, Cell J | 1,694.00 |
| e) Item 58 – Clean Up and Watertight Efforts, Cell E | 1,943.00 |
| 5) Item 38 – Conex Boxes | 9,561.00 |
| 6) Delay, Disruption, Acceleration Claims: | |
| a) Item 50 – Defective Submittal Register[3] | 11,813.00 + 50 Days |
| b) Item 52 – Acceleration | 34,514.00 |
| c) Item 53 – General Conditions Time Extension (Delay)[4] | 54,788.00 + 37 Days |
| d) Item 67 – Disruption | 479,500.00 |
| 7) Item 51 – Full Time Safety Manager | 53,253.00 |
| 8) Item 59 – Clean Up and Tile Replacement – Capt. Elevator | 804.00 |

[2] Although the Spreadsheet attached to States Roofing's Notices of Appeal show a claim for $1,303 for Item 9 – Repair Spalled Concrete, the parties agree that this claim was resolved through Contract modification, and therefore, is no longer a claim in these appeals.

[3] States Roofing's original claim was for $12,552 and 50 days. The Government found entitlement for a cost of $739 (16 hours of time) but did not for a 50-day time extension. There is still an issue of entitlement over the amount of delay.

[4] States Roofing's original claim was for $87,151 and 82 Days. The Government found entitlement for a cost of $32,363 and extended the contract 45 days via Contract modification and the Final Decision. There is still an issue of entitlement over the amount of delay.

| | |
|---|---|
| 9) Item 60 – Lobby Skylight Replacement | 3,849.00 |
| 10) Item 66 – Scoping, pricing, Proposal Preparation Costs | 44,848.00 |
| Total: | $873,018.26 |

**Quantum Claims**

| Claim Description | Current Claim Amount |
|---|---|
| 1) Items 1 & 61 Crane Standby[5] | $262,859.00 |
| 2) Item 3 – Credit Delete Wood Blocking | 15,139.00 |
| 3) Item 18 – Remove Antenna Bracket | 610.00 |
| 4) Item 23 – Cancellation of Roof Cells D&F | 91,613.00 |
| 5) Item 48 – Surplus Material and Equipment | 5,414.00 |
| 6) Item 55 – Leak Repairs (Roof Cell E) | 1,181.00 |
| Total: | $376,816.00 |

If the Board has any questions regarding this letter, please contact Mr. Lowenstein at (757) 446-8672 or Mr. Koman at (202) 685-6584.

Neil S. Lowenstein, Esq.
David W. Lannetti, Esq.
Counsel for Appellant

David L. Koman, Esq.
Monique S. Myatt, Esq.
Counsel for Respondent

Enclosure

Copy to: w/o Enclosure (via Federal Express)

Chrissie J. Chandler
Patricia Kellihand
Department of the Navy
NAVFAC Atlantic Division
6506 Hampton Blvd.
Norfolk, VA 23508-1278
(757) 322-4086

[5] Includes amounts for Supplemental S1 & S61.

VANDEVENTER BLACK LLP
Attorneys At Law

Neil S. Lowenstein
757.446.8672- direct
757.446.8670 - fax
nlowenstein@vanblk.com
Licensed in DC, NC, and VA

500 World Trade Center • Norfolk, Virginia 23510-1699 • Office 757.446.8600 • Fax 757.446.8670

2004 NOV 29 10: 37

November 23, 2004

Recorder
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

U.S. MAIL:
CERTIFIED MAIL #7000 1670 0007 2369 7753
RETURN RECEIPT REQUESTED

Re: ASBCA No. ____________ (New Appeal)
Appeal of States Roofing Corporation
Under Contract No. N62470-97-C-8319

NOTICE OF APPEAL
Final Decision Dated September 1, 2004 (L04-015)

Dear Sir or Madam:

This firm represents States Roofing Corporation (SRC). SRC, by counsel, hereby appeals the decision of the Contracting Officer dated September 1, 2004, reference L04-015 ("the Final Decision"), which acknowledges in part and denies in part SRC's claims for money and time as set forth in SRC's Request for Final Contracting Officer's Decision dated April 18, 2003 ("the RFFD"). The agency involved in this dispute is the Department of the Navy, Naval Facilities Engineering Command, Atlantic ("the Navy"). The contract is Contract No. N62470-97-C-8319, Building W-143 Roof Replacement, Wall Repair and Painting, Naval Station, Norfolk, Virginia ("the Contract").

In the RFFD, SRC sought $1,696,492.00 and 132 calendar days time extension. Following submission of the RFFD, the Navy issued unilateral modification P00008 dated 23 April 2003[1], definitizing P00001 ($23,445.00 decrease; 0 days), P00002 ($187,159.00 decrease; 0 days), P00003 ($213,949.00 increase; 0 days), P00004 ($54,524 increase; 0 days), and further increasing the Contract $129,391.00 and adding 45 calendar days; for a collective monetary adjustment of $187,260.00 and a collective time increase of 45 calendar days.

In the Final Decision, the Contracting Officer additionally found entitlement due SRC for subclaim item numbers 18, 20, 23, 48, 50, 53, 54, 55, 56, and 58 of the RFFD in the total sum of $53,375.00.[2] No additional days were awarded. All other portions of the RFFD, except those compensated under P00008, were denied in their entirety. Subsequent to the Final Decision, the Contracting Officer issued a second unilateral modification P00008 dated 22 October 2004 in the amount of $56,522.00 "for items as determined by Contracting Officer's Final Decision L04-015 dated 1 September 2004"

[1] The Final Decision references P00007; however, this is a misnomer. P00007 was presented to SRC as a bilateral modification, but not accepted by SRC. The Contracting Officer subsequently issued unilateral P00008 instead, which had the same adjustments as P00007, and indeed appears to have included the same pages 2 – 5 of P00007, including the reference to that modification, perhaps explaining the misnomer.
[2] The Final Decision summarizes the amount awarded on Page 30 as $53,400, but this appears a mathematical error.

("P00008b"). P00008b included $3,134.00 in interest due as calculated by the Contracting Officer through 10/31/04.[3]

In any case, prior the Contracting Officer's issuance of the Final Decision, SRC submitted supplemental claim support for additional monies and credits due with respect to the RFFD claim items based upon information brought to SRC's attention in conjunction with an audit of the RFFD requested by the Navy by the Defense Contracting Auditing Agency. That supplemental claim support was furnished through counsel to the Contracting Officer on August 25, 2004 via correspondence of that same date.

Those supplements resulted in an aggregate increase of the claim amount by $73,968.26. By letter dated September 16, 2004, the Contract Officer advised nothing in the supplementation altered her analysis of the amounts due SRC. Thereafter, by letter dated September 30, 2004, the Contracting Officer issued a letter denying SRC's "supplemental claim" and advising that the same was a "final decision" ("the Supplemental Final Decision").

The Final Decision is erroneous in fact and law to the extent denying SRC's claims, and SRC appeals the same. SRC's supplemental information furnished was not a separate claim, but rather merely supplementation of the claim already made. Regardless, to the extent the same is deemed a supplemental claim and/or the Supplemental Final Decision otherwise deemed a proper final decision with respect thereto, the Supplemental Final Decision is erroneous in fact and law as well, and too is being appealed by SRC via separate correspondence.

SRC seeks recovery of the Contract balance still due and not included in issued modifications, at least $1,251,128.26, and including applicable time extensions due[4]. Summary of SRC's claims, the amounts previously awarded, the amounts awarded in the Final Decision, and the balance due is attached. SRC additionally seeks interest, legal fees, and costs. This appeal is timely filed by deposit into the United States mails within ninety days of SRC's receipt of the Final Decision. Copy of this appeal is being furnished, with enclosures, to the Contracting Officer and Navy counsel as noted below. This appeal is filed by the undersigned on behalf of SRC, as authorized attorney and counsel for SRC.

Thank you for your assistance in filing this appeal. Because of the Contracting Officer's action in issuing a "final decision" with respect to the supplemental claim information, SRC is as noted above concurrently appealing the same via separate correspondence. Because of the interrelationship of the two, however, we suggest and request that the two appeals be consolidated. Should you have any questions or need anything further, please let me know.

---

[3] P00008b indicates an erroneous total contract price of $2,706,522.00, which appears a scribner's error. Including the monies awarded in P00008b, the total contract balance, not including the additional monies due SRC, should have been noted in P00008b as $2,893,782.00.

[4] By awarding 45 days, the Contract was extended through the Beneficial Occupancy Date (BOD), equating to an extended performance period of 81 calendar days. The Contracting Officer compensated SRC in part for the extended days, but not fully as included in the remaining claim amounts due and summarized above, herein, and herewith.

Respectfully submitted,
VANDEVENTER BLACK LLP

Neil S. Lowenstein
Attorney for States Roofing Corporation

Enclosure
cc: w/encl. to:

Patricia S. Kellihan, Contracting Officer
Department of the Navy
Naval Facilities Engineering Command Atlantic
6506 Hampton Boulevard
Norfolk, Virginia 23508-1278

Stephen R. O'Neil, Esquire
Navy Litigation Office
Office of the General Counsel
Department of the Navy
720 Kennon Street SE, Rm 233
Washington Navy Yard, DC 20374

Hugh DeLauney, President
States Roofing Corporation
1215 St. Julian Avenue
Norfolk, Virginia 23504

BUILDING W-143 ROOF REPLACEMENT PROJECT

| RFPD Ref. | Description | RFPD Amount | SRC Supplemental | SRC Claim Total | Claim Days | [redacted] | P00001 - P0006 | P00008 | Final Decision Award (P00008A) | Gov't Total | Awarded Days | [redacted] | Contract Balance Due | Contract Days Due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| II.1 | Crane (Cranelift and Elevator) | $ 427,465.00 | | $ 427,465.00 | | | $ 115,000.00 | $ 218,849.00 | $ - | $ 326,949.00 | | | $ 100,516.00 | |
| II.2 | Parapet Walls (Credit for Painting; Installation of Dynaclad) | $ 147,676.00 | $ (5,551.74) | $ 141,323.26 | | | | $ - | $ - | $ - | | | $ 141,323.23 | |
| II.3 | Credit for Deleting Wood Blocking | $ (17,966.00) | | $ (17,966.00) | | | | $ (33,105.00) | $ - | $ (33,105.00) | | | $ 15,139.00 | |
| II.4 | Expansion Joint Installation Roof K | $ 4,254.00 | | $ 4,254.00 | | | | $ 4,256.00 | $ - | $ 4,755.00 | | | $ - | |
| II.5 | Modify 3214 # of BUR for Concrete Curb | $ 3,613.00 | | $ 3,813.00 | | | | $ 3,813.00 | $ - | $ 3,813.00 | | | $ - | |
| II.6 | Hidden Concrete Slab Areas | $ 871.00 | | $ 871.00 | | | | $ 871.00 | $ - | $ 871.00 | | | $ - | |
| II.7 | Cover 10" Hole in Roof I | $ 335.00 | | $ 335.00 | | | | $ 338.00 | $ - | $ 335.00 | | | $ - | |
| II.8 | Cover 6" Hole in Deck | $ 329.00 | | $ 329.00 | | | | $ 329.00 | $ - | $ 328.00 | | | $ - | |
| II.9 | Repair Spalled Concrete | $ 93,684.00 | | $ 98,684.00 | | | $ 92,000.00 | $ 6,361.00 | $ - | $ 89,361.00 | | | $ 1,300.00 | |
| II.10 | Double Cylinder Locks and Related Door Changes | $ 1,728.00 | | $ 1,728.00 | | | | $ 1,728.00 | $ - | $ 1,729.00 | | | $ - | |
| II.11 | Raise Feeder Conduit | $ 1,403.00 | | $ 1,403.00 | | | | $ 1,403.00 | $ - | $ 1,403.00 | | | $ - | |
| II.12 | Elastomeric Coating | $ (8,230.00) | | $ (8,230.00) | | | | $ (8,230.00) | $ - | $ (8,230.00) | | | $ - | |
| II.13 | Remove Protrusions | $ 1,449.00 | | $ 1,449.00 | | | | $ 1,449.00 | $ - | $ 1,449.00 | | | $ - | |
| II.14 | Lost Time: Tractor-Trailers | $ 1,228.00 | | $ 1,228.00 | | | | $ - | $ - | $ - | | | $ 1,228.00 | |
| II.15 | Lost Time: Fire Drill | $ 1,005.00 | | $ 1,005.00 | | | | $ - | $ - | $ - | | | $ 1,005.00 | |
| II.16 | Removal of Hot Wires | $ 791.00 | | $ 791.00 | | | | $ 791.00 | $ - | $ 791.00 | | | $ - | |
| II.17 | Chipping Out Concrete | $ 441.00 | | $ 441.00 | | | | $ 441.00 | $ - | $ 441.00 | | | $ - | |
| II.18 | Remote Antenna Bracket | $ 634.00 | | $ 634.00 | | | | | $ 724.00 | $ 224.00 | | | $ 810.00 | |
| II.19 | Raise Height of Small A/C on Radio Room, Roof G | $ 2,613.00 | | $ 2,613.00 | | | | $ 2,613.00 | $ - | $ 2,613.00 | | | $ - | |
| II.20 | Replace Door with Plywood | $ 337.00 | | $ 837.00 | | | | | $ 337.00 | $ 337.00 | | | $ - | |
| II.21 | Crack in Door, Roof C | $ 1,452.00 | | $ 1,452.00 | | | | $ - | $ - | $ - | | | $ 1,452.00 | |
| II.22 | Removal of Additional Asphalt | $ 129,524.00 | | $ 129,524.00 | | | $ 75,000.00 | $ 54,524.00 | $ - | $ 129,524.00 | | | $ - | |
| II.23 | Cancellation of Roof Cells D and F | $ (238,144.00) | $ 18,467.00 | $ (220,677.00) | | | | $ (361,813.00) | $ 49,523.00 | $ (312,290.00) | | | $ 91,613.00 | |
| II.24 | Exterior Stairwell | $ 38,221.00 | | $ 38,221.00 | | | | $ 38,221.00 | $ - | $ 36,221.00 | | | $ - | |
| II.25 | Lead Clean Up | $ 758.00 | | $ 758.00 | | | | $ - | $ - | $ - | | | $ 756.00 | |
| II.26 | Parapet Protrusion Dynaclad | $ 489.00 | | $ 489.00 | | | | $ 489.00 | $ - | $ 489.00 | | | $ - | |
| II.27 | Pitch Pockets | $ 710.00 | | $ 710.00 | | | | $ 710.00 | $ - | $ 710.00 | | | $ - | |
| II.28 | Anchor Bolts for Signage | $ 2,445.00 | | $ 2,445.00 | | | | $ 2,445.00 | $ - | $ 2,446.00 | | | $ - | |
| II.29 | Roof K Dynaclad | $ 26,962.00 | | $ 26,962.00 | | | | $ 26,982.00 | $ - | $ 26,962.00 | | | $ - | |
| II.30 | Fabricate and Install HVAC Stands and Enclosures | $ 17,660.00 | | $ 17,890.00 | | | | $ 17,590.00 | $ - | $ 17,690.00 | | | $ - | |
| II.31 | Low Spots | $ 78,151.00 | | $ 78,151.00 | | | | $ 78,181.00 | $ - | $ 78,151.00 | | | $ - | |
| II.32 | Expansion Joint Repairs | $ 48,411.00 | | $ 48,411.00 | | | | $ 48,411.00 | $ - | $ 45,411.00 | | | $ - | |
| II.33 | Apply ASTEC | $ 28,410.00 | | $ 28,470.00 | | | | $ 28,470.00 | $ - | $ 28,470.00 | | | $ - | |
| II.34 | Shoring CASU | $ 1,382.00 | | $ 1,382.00 | | | | $ 1,382.00 | $ - | $ 1,382.00 | | | $ - | |
| II.35 | Cut Off Steel FH Ladders | $ 3,323.00 | | $ 3,323.00 | | | | $ 3,323.00 | $ - | $ 3,323.00 | | | $ - | |
| II.36 | Deteriorated Brick | $ 1,951.00 | | $ 1,951.00 | | | | $ 1,981.00 | $ - | $ 1,951.00 | | | $ - | |
| II.37 | Relocate Crane | $ 349.00 | | $ 349.00 | | | | $ 349.00 | $ - | $ 349.00 | | | $ - | |
| II.38 | Conex Boxes | $ 9,581.00 | | $ 9,581.00 | | | | $ - | $ - | $ - | | | $ 9,581.00 | |
| II.39 | Cracks in Concrete, Cell E | $ 30,988.00 | | $ 30,885.00 | | | | $ - | $ - | $ - | | | $ 30,685.00 | |
| II.40 | Night Shift for Demolition of Roof Cell E | $ 7,016.00 | | $ 7,016.00 | | | | $ 7,018.00 | $ - | $ 7,016.00 | | | $ - | |
| II.41 | Modify Insulation | $ 545.00 | | $ 645.00 | | | | $ 545.00 | $ - | $ 545.00 | | | $ - | |
| II.42 | Fabricate and Install Two New HVAC Enclosures | $ 1,378.00 | | $ 1,378.00 | | | | $ 1,378.00 | $ - | $ 1,378.00 | | | $ - | |
| II.43 | Nine Protrusions in Roof | $ 1,025.00 | | $ 1,025.00 | | | | $ 1,033.00 | $ - | $ 1,033.00 | | | $ (8.00) | |
| II.44 | Pitch Pockets for #26 | $ 1,257.00 | | $ 1,257.00 | | | | $ 1,257.00 | $ - | $ 1,257.00 | | | $ - | |
| II.45 | Fabricate and Install Flash Enclosure | $ 1,593.00 | | $ 1,593.00 | | | | $ 1,594.00 | $ - | $ 1,594.00 | | | $ (1.00) | |
| II.46 | Spalled Areas | $ 385.00 | | $ 388.00 | | | | $ 385.00 | $ - | $ 355.00 | | | $ - | |
| II.47 | Modify Overhead Doors | $ 2,504.00 | | $ 2,504.00 | | | | $ 2,504.00 | $ - | $ 2,504.00 | | | $ - | |
| | | | | | | | | | | | | | $ - | |

BUILDING W-143 ROOF REPLACEMENT PROJECT

| RFPD Ref. | Description | RFPD Amount | SRC Supplemental | SRC Claim Total | Claim Days | [redacted] | P00001 - P0008 | P00008 | Final Decision Award (P00008b) | Gov't Total | Awarded Days | [redacted] | Contract Balance Due | Contract Days Due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11.48 | Sulphur Material and Equipment | $ 6,238.00 | | $ 6,235.00 | | | | | $ 822.00 | $ 822.00 | | | $ 5,414.00 | |
| 11.49 | Flashing of Cable Pad | $ 881.00 | | $ 881.00 | | | | $ 851.00 | $ - | $ 851.00 | | | $ - | |
| 11.50 | Defective Submittal Register | $ 12,562.00 | | $ 12,552.00 | 50 | | | $ - | $ 739.00 | $ 739.00 | | | $ 11,813.00 | 50 |
| 11.51 | Safety Assurance | $ 63,253.00 | | $ 53,253.00 | | | | $ - | $ - | $ - | | | $ 83,253.00 | |
| 11.52 | Acceleration | $ 34,514.00 | | $ 34,514.00 | | | | $ - | $ - | $ - | | | $ 34,514.00 | |
| 11.53 | General Conditions Time Extension | $ 87,151.00 | | $ 87,181.00 | 62 | | | $ 82,007.00 | $ 358.00 | $ 32,383.00 | 45 | | $ 54,788.00 | 37 |
| 11.54 | Leak on Roof Deck | $ 161.00 | | $ 161.00 | | | | $ - | $ 181.00 | $ 161.00 | | | $ - | |
| 11.55 | Leak Repairs (Roof Cell E) | $ 1,784.00 | | $ 1,784.00 | | | | $ - | $ 583.00 | $ 583.00 | | | $ 1,181.00 | |
| 11.56 | Clean Up Effort on Bridge | $ 270.00 | | $ 270.00 | | | | $ - | $ 270.00 | $ 270.00 | | | $ - | |
| 11.57 | Clean Up and Watertight Efforts Hidden Penetration, Cell J | $ 1,894.00 | | $ 1,694.00 | | | | $ - | | $ - | | | $ 1,894.00 | |
| 11.58 | Clean Up and Watertight Efforts, Cell E | $ 2,303.00 | | $ 2,303.00 | | | | $ - | $ 380.00 | $ 380.00 | | | $ 1,943.00 | |
| 11.59 | Clean Up and Tile Replacement - Captain's Elevator | $ 804.00 | | $ 804.00 | | | | $ - | $ - | $ - | | | $ 804.00 | |
| 11.60 | Lobby Skylight Replacement | $ 3,849.00 | | $ 3,849.00 | | | | $ - | $ - | $ - | | | $ 3,849.00 | |
| 11.61 | SRC Equipment Lifts and Stand-By Crane Time | $ 100,290.00 | | $ 100,290.00 | | | | $ - | $ - | $ - | | | $ 103,290.00 | |
| 11.62 | Pitch Pocket for Unit #9 | $ 1,126.00 | | $ 1,126.00 | | | | $ 1,125.00 | $ - | $ 1,125.00 | | | $ - | |
| 11.63 | Remove and Install Conduit | $ 3,987.00 | | $ 3,967.00 | | | | $ 3,987.00 | $ - | $ 3,987.00 | | | $ - | |
| 11.64 | Credit for G-90 and G-60 Doors | $ (2,528.00) | | $ (2,828.00) | | | | $ (2,828.00) | $ - | $ (2,825.00) | | | $ - | |
| 11.53 | CNO Visit | $ 633.00 | | $ 653.00 | | | | $ 853.00 | $ - | $ 638.00 | | | $ - | |
| 11.64 | Proposal Preparation Costs | $ 44,848.00 | | $ 44,848.00 | | | | $ - | $ - | $ - | | | $ 44,648.00 | |
| 11.65 | Disruption | $ 479,500.00 | | $ 479,500.00 | | | | $ - | $ - | $ - | | | $ 479,500.00 | |
| S. 1 & 61 | Crane and Equipment Lifts (combined supplemental increase) | | $ 62,053.00 | $ 62,053.00 | | | | | | $ - | | | $ 82,063.00 | |
| | P0008 b. Repair spalled concrete between cells J&I; SRC 27 | | | | | | | $ 508.00 | | | | | | |
| | P0008 d. Repair spalled concrete at penthouse 7; SRC 47 | | | | | | | $ 798.00 | | | | | | |
| | TOTALS | $ 1,686,492.00 | $ 73,966.26 | $ 1,770,480.26 | 132 | | $ 280,000.00 | $ 187,280.00 | $ 53,375.00 | $ 519,332.00 | 45 | | $ 1,231,128.26 | 87 |