**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STATES ROOFING CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-960C** |
| | ) | **(Judge Bush)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

For its brief in opposition and response to the Motion to Dismiss filed herein by Defendant United States of America ("Government"), Plaintiff States Roofing Corporation ("SRC") states as follows:

## I. SUMMARY OF ARGUMENT

The Armed Services Board of Contract Appeals ("ASBCA" or "Board") has not made a jurisdictional determination in the case before it, and therefore SRC's protective appeal to this Court is permissible and should not be dismissed; instead, this case should be stayed pending final determination of the ASBCA appeals as moved by SRC.

## II. ARGUMENT

### A. THE ASBCA HAS NOT RULED ON JURISDICTION

While both SRC and the Government believe the ASBCA has jurisdiction of SRC's two related appeals, the ASBCA has not made that determination. The furthest this question has thus far gone is the Board Judge's Memorandum memorializing the 3 November 2005 conference call, during which this protective action and that issue were briefly discussed. Exhibit A hereto. At the Board Judge's direction, the parties thereafter filed a joint statement regarding jurisdiction. Therein (Appendix 106-08 to the Government Motion), both parties acknowledged

their belief that jurisdiction lies with the ASBCA. However, as also noted therein, despite SRC's request, the Government refused to stipulate that neither party would thereafter seek to challenge jurisdiction in that or any appellate action (A107). Therefore, the parties' acknowledgement is not finally dispositive of the jurisdictional issue, and the Board simply has not ruled on jurisdiction one way or the other.

As the Government notes, the Board has accepted and docketed SRC's notices of appeals, a complaint and answer have been filed with the Board, and discovery has commenced in the ASBCA action. This is because, as SRC notes in its protective complaint herein, the parties prefer to proceed in that forum. But these facts do not equate to a determination by the Board that it has jurisdiction over SRC's claims, and without such a determination the proceeding before this Court is not ripe for consideration of dismissal pursuant to the Election Doctrine. National Neighbors, Inc. v. United States, 839 F.2d 1539, 1543 (Fed. Cir. 1988) ("For the proceeding before the Claims Court to be ripe for action, the board first must determine whether, as a matter of fact, [the contractor's] appeal was timely and thus whether, as a matter of law, the board has jurisdiction over [the contractor's] appeal.").

In fact, even if the parties had agreed to waive their right to challenge the Board's jurisdiction, the Board or a court could nevertheless challenge jurisdiction *sua sponte*. See, e.g., United States v. Newport News Shipbuilding and Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991) ("[J]urisdiction may be challenged at any time, even on appeal, and by no means do we imply that the government … has waived, or could waive or moot an issue of the Board's jurisdiction."); Appeal of Cosmic Constr. Co., 82-1 BCA ¶ 15,541, ASBCA No. 26,537, aff'd Cosmic Constr. Co. v. United States, 697 F.2d 1389 (Fed. Cir. 1982) (raising timeliness of the filing of an ASBCA appeal *sua sponte* and subsequently dismissing the appeal with prejudice).

Of course, SRC does not believe such challenge would be warranted under the facts, but nevertheless without a definitive ruling on jurisdiction this remains possible.

### B. THE ELECTION DOCTRINE IS INAPPLICABLE ABSENT JURISDICTION OF THE INITIAL FORUM

The Government admits that "[a]n exception to the binding nature of the Election Doctrine is where the board dismisses an action as untimely." Government Motion, at 11. It then identifies two cases that recognize the "untimeliness" exception to the Election Doctrine, Cosmic Construction Co. v. United States and Olsberg Excavation Co. v. United States. Id. Both cases involved the same holding; to-wit:

> "An untimely 'appeal' to an agency board of contract appeals is an absolute nullity, if indeed not a contradiction in terms. … The plain terms of section 10(a)(1) of the 1978 (Contract Disputes) act gave plaintiff a right, 'in lieu of' appealing to the board in a timely fashion, to bring an action in this court (within the congressionally prescribed time limit for doing so). That right is not lost merely by attempting, in a patently untimely fashion, to pursue an option that no longer existed (footnote omitted)."

Cosmic Construction, 5 Cl. Ct. 237, 240 (1984) (quoting Olsberg Excavating, 3 Cl. Ct. 249, 251-52 (1983)). Hence, if SRC's appeal to the ASBCA is determined to be untimely, it would be a nullity and SRC could not have made a binding election to litigate before the Board. See National Neighbors, Inc. v. United States, 839 F.2d 1539, 1543 (Fed. Cir. 1988) ("[A]n untimely appeal to the board is not a binding election under the Election Doctrine and will not preclude a contractor from pursuing a timely suit in the Claims Court.").

The Government's motion herein focuses only on the first, but not the second, prong of the two-part election test. That test has been stated thusly: "[T]he contractor commits itself to a binding election only when: 1) it has sought to avail itself of one forum over another; and 2) *that forum has the ability to exercise jurisdiction at the time the election is attempted*." Jo-Mar Corp.

v. United States, 15 Cl. Ct. 602, 605 (1988) (citing National Neighbors, 839 F.2d at 1542) (emphasis added). In short, "it is a contractor's filing of an appeal or initiation of a suit in a *forum with jurisdiction over the proceeding* that precludes the contractor, pursuant to the Contract Disputes Act, from pursuing its claim in the alternate forum." National Neighbors, 839 F.2d at 1542 (emphasis in original).

Again, while SRC does not dispute seeking appeal to the ASBCA, the question of jurisdiction remains unresolved and therefore the second prong is not met. Unless and until the ASBCA makes a final jurisdictional determination there cannot be a binding election under the Election Doctrine. See id. at 1543; see also Appeal of Thomas & Sons Building Contractors, Inc., 00-2 BCA ¶ 31086, ASBCA No. 51,577 ("Where the action is pending in the first forum and that forum has not determined jurisdiction, an appeal is not ripe for dismissal under the Election Doctrine until the original forum determines its jurisdiction over the claim."). The Government's motion is accordingly premature, at best.

Contrary to the Government's implication, the Claims Court's reference in Cosmic Construction and Olsberg Excavating to a "subsequent" filing merely indicates that the filing in the second forum must occur subsequent to the *filing* in the first forum, not subsequent to the *dismissal* by the first forum. See National Neighbors, 839 F.2d at 1543. Otherwise, a contractor could be left without an appellate remedy, regarding which this Court's predecessor Court noted in Cosmic Construction as follows in rejecting the Government's similar contentions therein:

> "In the facts and circumstances of this case, to uphold the government's position would be effectively to preclude any 'adjudication,' administrative or judicial, of the validity *vel non* of the contracting officer's denial of plaintiff's timely initiation of a direct action on the claims in this court. Such a result is neither reasonable nor in keeping with the purpose and intent of the 1978 act."

Cosmic Constr. Co. v. United States, 5 Cl. Ct. 237, 240 (1984) (quoting Olsberg Excavating Co. v. United States, 3 Cl. Ct. 249, 251-52 (1983)).

### C. SRC'S PROTECTIVE APPEAL TO THIS COURT IS CONSISTENT WITH PRECEDENT AND THE PURPOSES OF THE CONTRACT DISPUTES ACT

SRC only filed this appeal when, almost at the jurisdictional limit (SRC's complaint was filed August 31, 2005, just prior to the one year deadline after its September 3, 2004 receipt of the final decisions), the jurisdictional question still had not yet been finally resolved. Nor does SRC look to unnecessarily increase either party's costs or to waste the time or economy of this Court. For that reason, SRC moved to stay this action pending final determination of the related ASBCA claims, which SRC submits remains warranted and appropriate under the facts and law, including this Court's precedent.

This is not an issue of first impression. Similar cases include those noted elsewhere herein, and in particular the National Neighbors case, 839 F.2d 1539 (Fed. Cir. 1988). In response to a contractor's claim for reimbursement, the contracting officer sent a letter denying the claim; the letter indicated that the contractor could contest the contracting officer's decision by either supplying written notice to the Board within 90 days of receipt of the decision or bringing a direct action before the Claims Court within 12 months of receipt of the decision. 839 F.2d at 1541.

The contractor subsequently notified the Board of its intent to appeal the decision, and thereafter filed an appeal with the Board. Id. A question then arose regarding whether the filing of the Board appeal was timely. Id. Just prior to the 12-month deadline, the contractor "filed a complaint in the Claims Court 't*o protect [its] rights in the event that the [Board] determines that [the contractor's] appeal … was untimely filed*.'" Id. (emphasis added).

Prior to the Board making a determination regarding whether it had jurisdiction over the claim, the Claims Court dismissed the complaint filed with the Court based on its interpretation of the Election Doctrine. Id. The contractor appealed the Claims Court's decision to the Court of Appeals for the Federal Circuit. On appeal the Federal Circuit summarized the holdings of the Cosmic Construction and Olsberg Excavating decisions as follows:

> The Claims Court, in these cases, held that the mere filing by a contractor of an appeal with the appropriate board of contract appeals was not a binding election, as contemplated by the Contract Disputes Act, and did not bar the subsequent filing of a claim with the Claims Court *if* it was determined by the board that the contractor's appeal to the board was untimely. … Accordingly, a contractor's choice to pursue an appeal in a forum lacking jurisdiction is not a binding election.

Id. at 1542. The Federal Circuit then went on to hold that the lack of a jurisdictional determination by the Board made the Claims Court's dismissal for lack of jurisdiction premature, holding:

> Because, at the time the Claims Court dismissed for lack of jurisdiction [the contractor's] complaint, the board had not determined whether it had jurisdiction over [the contractor's] appeal, we hold that the proceeding before the Claims Court was not ripe for the Claims Court to dismiss [the contractor's] complaint pursuant to the Contract Disputes Act on grounds that [the contractor] had made a binding election under the Election Doctrine by appealing to the board the contracting officer's adverse decision.

Id. at 1543.

In so holding the Court pointed out that only after the Board made a jurisdictional determination could the Claims Court properly act on a motion to dismiss the court complaint. Id. Thereafter, if the Board found that the Board claim was untimely, the contractor could pursue the claim it filed with the court (provided the court claim was timely filed); alternatively, if the Board found that the Board claim was timely, "the proceeding before the Claims Court will be ripe for the Claims Court properly to dismiss pursuant to the Contract Disputes Act [the

contractor's] complaint for lack of jurisdiction." Id. The Court then summarized its decision as follows:

> [A]n untimely appeal to the board is not a binding election under the Election Doctrine and will not preclude a contractor from pursuing a timely suit in the Claims Court. Here, there has been no determination that the appeal before the board is timely and that the board has jurisdiction over the appeal. The statutory choice is to appeal the *decision of the contracting officer*, i.e., to *pursue* that claim in one forum in lieu of another. The mere filing of a document, which does not mature into a "proceeding" on the merits, is not a viable election pursuant to the statute. Prior to the board determining whether [the contractor's] appeal is timely and that the board has jurisdiction and can resolve the dispute, it is not possible to determine under the Election Doctrine whether [the contractor] has made a binding election to choose the board *for resolution of its dispute* with the contracting officer, by appealing to the board. On this basis, we conclude that the proceeding before the Claims Court was not ripe for the Claims Court to dismiss [the contractor's] complaint.

Id. (emphasis in original).

As demonstrated in National Neighbors, the contractor's filing of a protective appeal with the court in light of the impending deadline and the lack of a Board determination regarding jurisdiction was wholly appropriate. That holding does not stand alone and has been followed by other tribunals too. For instance, as pointed out by the General Services Board of Contract Appeals (GSBCA):

> [D]uring the time that the jurisdictional question had been raised, but not decided, by us, appellant was at all times free to protect itself against a decision that we do not have jurisdiction over the appeal. Appellant could have secured this protection by filing with the Claims Court a timely lawsuit involving the same matters. Had appellant done so, that court could not have dismissed the case for lack of jurisdiction unless we had determined that we have jurisdiction over the appeal.

Appeal of U.S. West Info. Sys., Inc., 88-3 BCA ¶ 20952, GSBCA No. 9175 (citing National Neighbors, 839 F.2d at 1543). The same precepts hold true with SRC's protective appeal, which

should not be dismissed, and which rather should be stayed pending final determination of the Board's jurisdiction.

## III. CONCLUSION

The Government's motion to dismiss misapplies the facts and the law. The ASBSC has not ruled on jurisdiction, and regardless the propriety of SRC's protective appeal to this Court is recognized precedent. Accordingly, the Government's motion should be denied, and for similar reasons this Court should grant SRC's motion to stay, granting SRC such other and further relief as the Court finds appropriate to these motions and this cause.

Done this date: January 24, 2006

STATES ROOFING CORPORATION
/s/Neil S. Lowenstein
By: ________________________________________
Of Counsel

Neil S. Lowenstein Email: nlowenstein@vanblk.com
David W. Lannetti Email: dlannetti@vanblk.com
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510
(757) 446-8610
(757) 446-8670 (facsimile)

CERTIFICATE OF SERVICE

I certify that this day the original or a true copy of the foregoing pleading was served in accordance with Rule 5.1 via electronic service to counsel of record for the Government herein using the information furnished by defendant in the court's electronic filing system. Copy was also furnished this day by electronic mail to Government counsel in the ASBCA appeals, David L. Koman to the following email address: david.koman@navy.mil.

Done this date: 1/23/06
/s/Neil S. Lowenstein
Counsel for Plaintiff

EXHIBIT A

**ARMED SERVICES BOARD OF CONTRACT APPEALS**
**SKYLINE 6**
**5109 LEESBURG PIKE**
**FALLS CHURCH VA 22041-3208**
Telephone: (703) 681-8502
4 November 2005

RECEIVED NOV 8 2005

Neil S. Lowenstein, Esq.
Vandeventer Black LLP
500 World Trade Center
Norfolk, VA 23510-1699

David L. Koman, Esq.
Senior Trial Attorney
Navy Litigation Office
Office of the General Counsel
Washington Navy Yard, 720 Kennon Street SE, Rm 233
Washington, DC 20374-5013

Re: ASBCA Nos. 54854, 54860
Appeals of States Roofing Corporation
Under Contract No. N62470-97-C-8319

Dear Counsel:

Enclosed is a copy of the Memorandum of Telephone Conference Call held on 3 November 2005 and the Pre-Hearing Order for the subject appeals.

By Order of the Board:

for Donald D. Mills
CATHERINE A. STANTON
Recorder

Enclosure

Printed on Recycled Paper

ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| States Roofing Corporation | ) | ASBCA Nos. 54854, 54860 |
| | ) | |
| Under Contract No. N62470-97-C-8319 | ) | |

MEMORANDUM OF CONFERENCE CALL

This is a memorandum of the conference call held on 3 November 2005 between the parties and Administrative Judge Carol Park-Conroy. Neil S. Lowenstein, Esq. and David W. Lannetti, Esq. represented appellant and David L. Koman, Esq. and Monique S. Myatt, Esq. represented the government.

The protective appeal pending in the United States Court of Federal Claims was discussed. The parties agreed to file a joint statement regarding the Board's jurisdiction not later than 16 November 2005. The parties will also file a joint statement identifying the claim items that relate only to quantum and the claim items that relate to both entitlement and quantum by 16 November 2005.

A five-day hearing was scheduled to begin Monday, 24 April 2006 in Norfolk, VA. The Recorder will issue a formal Notice setting the precise location and time. Only entitlement will be heard on claim items involving both entitlement and quantum.

PRE-HEARING ORDER

I. Discovery

All discovery in these appeals, including experts, will be completed not later than 31 March 2006.

II. Proof of Costs on Quantum Claim Items

A. Appellant's Statement of Costs

Not later than 16 December 2005, appellant shall furnish to the government and the Board a complete and detailed Statement of Costs it claims are due and owing in quantum claim items at issue in these appeals.

The Statement of Costs shall be organized in schedule format with a separate listing for each cost item at issue in each claim item. The component costs, if any, of each claimed cost item shall also be separately listed.

With respect to each claimed cost item and each component thereof, the Statement of Costs shall provide a computation showing how the cost has been computed, identify the specific books, records, or other documents supporting the cost, summarize the basis or theory of recovery of the cost, and identify each witness who will be called to testify on behalf of appellant with respect to the computation.

To the extent not previously provided, the Statement of Costs shall be accompanied by a Notice stating that the books and records upon which the Statement of Costs is based will be made available to the government. The Notice shall contain the address at which the books and records may be examined by the government, together with the name and address of the individual who will be available to furnish these books and records to the government for examination and to provide reasonable assistance.

B. Government's Response to Statement of Costs

Not later than 27 January 2006, the government shall submit to appellant and the Board a complete and detailed Response to Appellant's Statement of Costs organized in the same schedule format. The lack of response to any claimed cost item or component thereof claimed by appellant shall be deemed an admission.

The Response shall identify each claimed cost item and component thereof which the government intends to challenge, specify each document supporting that challenge, summarize the basis or theory for the challenge, and identify each witness who will be called to testify on behalf the government as to that challenge.

If the government has verified any cost item or component thereof contained in Appellant's Statement of Costs, the Response shall so state. Such verification statements shall not be deemed to be admissions by the government of anything more than the mathematical accuracy of the cost claimed. If the government was unable to verify a cost item or component thereof, the Response shall explain why it was unable to do so.

C. Amendments

No Amendments to Appellant's Statement of Costs or the Government's Response will be permitted after 24 February 2006.

III. Experts

All expert witnesses will be identified and a statement of the individual's expertise as it relates specifically to the issues in these consolidated appeals together with a copy of a written report containing a summary of the opinion(s) formulated and the basis therefore prepared by the expert shall be exchanged by the parties and a copy provided to the Board not later than 24 February 2006. *See generally* FED. R. EVID. 702-705 and FED. R. CIV. P. 26(a)(2)(B). With regard to possible cost experts, the parties are referred to *Rumsfeld v. United Technologies Corporation*, 315 F.3d 1361 (Fed. Cir. 2003).

Each expert report shall be marked as a hearing exhibit in accordance with the instructions in Part IV. C. below.

IV. Pre-Hearing Materials

The following actions shall be taken not later than 10 April 2006.

A. Stipulations

The parties shall file with the Board a copy of any factual stipulations that have been reached.

B. Witness Lists

The parties shall exchange and file with the Board a copy of their respective witness lists which shall include all witnesses who will be called to testify at the hearing, including experts and possible rebuttal witnesses. The witness list shall identify the individual's position at the time of the events in dispute and provide a brief statement regarding the subject matter of the testimony.

Absent compelling reason, individuals not included on the witness list will not be permitted to testify.

C. Rule 4 Supplements and Hearing Exhibits

Either party may supplement the Rule 4 file. The parties shall advise each other and the Board of any objections not previously filed to the admissibility of any Rule 4 documents.

Copies of supplemental Rule 4 file documents and hearing exhibits will be exchanged by the parties. Copies of the indices of supplemental Rule 4 file documents and the lists of proposed hearing exhibits shall be exchanged by the parties and filed with the Board. These indices and lists shall be organized in chronological order and strictly limited to such documents as are both relevant and material to the issues in these appeals. Rule 4 file documents shall not be duplicated and shall not be included as hearing exhibits.

The record copies of the supplemental Rule 4 file documents and hearing exhibits shall be presented to the Board at the beginning of the hearing. They shall be assembled in manageable binders that have labels on both the spine and the front of the binders identifying the appellant, the appeal number(s) and the contents. Each Rule 4 supplement and/or exhibit shall be clearly marked. Joint exhibits are encouraged and should be marked Jt-1, Jt-2, etc. Appellant's exhibits shall be marked A-1, A-2, etc.; the government's exhibits should be marked G-1, G-2, etc.

The pages of any Rule 4 document or exhibit longer than five pages shall be consecutively numbered. Only legible copies of Rule 4 file documents and hearing exhibits will be admitted into the hearing record. The Board will use the record copy of these documents and exhibits during the hearing; therefore, each party should bring an extra copy of each document to be used by its witnesses.

The parties are encouraged to stipulate to the authenticity and admissibility of proposed hearing exhibits to the extent possible.

Absent compelling reason, Rule 4 file supplements and hearing exhibits not properly marked and exchanged by the parties will not be admitted into the record.

D. Pre-Hearing Memoranda

The Statement of Costs and Response will serve as the pre-hearing memoranda for the quantum claim items. For the entitlement claim items, the parties shall exchange and file with the Board pre-hearing memoranda setting forth a chronological list of principal events associated with the various claim items and summaries of the legal theories of entitlement and defense, respectively, with citations to applicable authority.

V. Settlement and Alternative Disputes Resolution (ADR)

The parties are encouraged to discuss settlement and the possible use of ADR during the remaining stages of these appeals. The parties are directed to promptly notify the Board should a settlement be reached. Should the parties wish to discuss the use of ADR, the Board stands ready to assist them in deciding whether to use ADR and in preparing an ADR plan appropriate to the particular circumstances of these appeals.

Dated: 4 November 2005

/s/Carol N. Park-Conroy
CAROL N. PARK-CONROY
Administrative Judge
Armed Services Board
of Contract Appeals