IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STATES ROOFING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-960C |
| v. | ) | (Judge Bush) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF

Defendant, the United States, respectfully submits the following reply to the opposition to our motion to dismiss filed by States Roofing Corporation ("SRC").[1]

ARGUMENT

In our motion to dismiss, we established that this Court lacks subject matter jurisdiction to consider SRC's complaint because SRC irrevocably elected to pursue the same cause of action at the Armed Services Board of Contract Appeals ("ASBCA" or "board"), which docketed the appeals prior to SRC's filing its complaint in this Court. In its response, SRC acknowledges the election doctrine but argues that it does not apply in this case because "the ASBCA has not ruled on jurisdiction." Pl. Res. 1 (all caps in original). SRC's argument should be rejected.

SRC's argument ignores the fact that neither party has requested a decision from the board "ruling" on jurisdiction and,

---

[1] "Pl. Res. ___" refers to SRC's response in opposition to our motion to dismiss. "Pl Res. Ex. A" refers to the document accompanying plaintiff's opposition. "A ___" refers to the appendix accompanying our motion to dismiss. "SA ___" refers to the appendix accompanying our reply brief.

indeed, no such decision is necessary. Here, the ASBCA has been made aware of the exact jurisdictional issue that caused SRC to file its "protective" action in this Court. See Pl. Res. Ex. A ("The protective appeal pending in the United States Court of Federal Claims was discussed"). During a conference on November 3, 2005, the board requested, and the parties agreed to file, a joint statement regarding jurisdiction not later than November 16, 2005. Id.

In their November 16, 2005 joint statement, both parties "acknowledg[ed] the board's jurisdiction for the[] appeals." A 106. Specifically, the parties stipulated:

> (1) the notices of appeal were timely; and
> (2) neither party questions the Board's jurisdiction to hear both of these appeals.

A 107.

Like the parties, the board also has given no indication that it believes it does not have jurisdiction to consider SRC's complaints.[2] Indeed, the opposite is true. The board is proceeding with litigation of the SRC's claims and has set a trial scheduled to commence in April 2006. Indeed, subsequent to the parties' November 16, 2005 joint statement on jurisdiction, the board issued an order again referencing the five-day hearing

---

[2] Certainly, the board could, having been informed of the "protective" action filed here, address the issue of jurisdiction sua sponte, if it believed it did not have jurisdiction to consider SRC's complaints. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534 (1986). The board, of course, has not.

that is scheduled to commence in April 2006. SA 1. The fact that the board has not issued a written "determination" stating what obviously is its position does not somehow render inapplicable the election doctrine to the case pending in this Court.

SRC's response again acknowledges that it currently has pending at the ASBCA appeals of the exact same claims brought in this Court, that SRC has filed complaints concerning those claims with the ASBCA, that the Government has answered those complaints, that the parties at the ASBCA have filed a joint statement acknowledging that jurisdiction is proper with the ASBCA, and that the parties currently are conducting discovery in the board case. Pl. Res. 1-2. Having elected to have its claims considered by the ASBCA, it cannot maintain in this Court its parallel action.

In its response, SRC argues that "the Government refused to stipulate that neither party would thereafter seek to challenge jurisdiction in that or any appellate action." Pl. Res. 2 (citing A 107). According to SRC, "[t]herefore, the parties acknowledgement [sic] is not finally dispositive of the jurisdictional issue." Pl. Res. 2. SRC's argument misses the mark.

Counsel for the Government did not improperly "refuse" to stipulate that the Government would not challenge jurisdiction

upon appeal. Indeed, Government counsel could not somehow waive the Government's right to challenge jurisdiction, as lack of jurisdiction may not be waived. Rolls-Royce Ltd. v. United States, 176 Ct. Cl. 694, 702, 364 F.2d 415, 420 (1966). The proper inquiry here is whether the board believes it has jurisdiction to consider SRC's claims. As discussed above, the answer to that question is affirmative.

SRC cites National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542 (Fed. Cir. 1988), for the proposition that this Court should not dismiss SRC's complaint until the ASBCA issues a "determination . . . that it has jurisdiction over SRC's claim." Pl. Res. 2. SRC notes that, in National Neighbors, the contractor filed an action in the Claims Court when "a question arose whether the filing of the Board appeal was timely." Pl. Res. 5. In National Neighbors the Federal Circuit held that dismissal of a complaint in the Claims Court was premature "[b]ecause, at the time the Claims Court dismissed for lack of jurisdiction National Neighbors' complaint, the board had not determined whether it had jurisdiction over National Neighbors' complaint." 839 F.2d at 1543. That is not the situation here.

As noted above, neither party contests the board's jurisdiction and, as such, neither party has requested that the board issue a "determination" regarding its jurisdiction. As such, no "determination" is forthcoming. Instead, the parties

are proceeding with discovery and the board has scheduled trial to commence in April 2006. Certainly, if the board believed jurisdiction was not proper, SRC's claims would not be proceeding to trial at the board in two months. The fact that the board has not issued a "determination" regarding jurisdiction, when no such determination has been requested, does not counsel in favor of allowing the action in this Court to remain pending indefinitely until, as SRC suggests, "the ASBCA makes a final jurisdictional determination." Pl. Res. 4.

A portion of the Federal Circuit's decision in National Neighbors quoted by SRC in its response is instructive on this issue. As noted by SRC, the Federal Circuit "summarized its decision," stating, in part:

> The mere filing of a document, which does not mature into a "proceeding" on the merits, is not a viable election pursuant to the statute.

Pl. Res. 7 (quoting 839 F.2d at 1543.

Here, the documents filed by SRC at the ASBCA have "mature[d] into a 'proceeding' on the merits." Discovery is proceeding and a trial is schedule to commence in April. SRC has made a viable election and SRC's claims will be decided by the ASBCA. SRC's attempt to maintain an action in this Court under the guise that the board has not yet issued a "determination" regarding jurisdiction, should be rejected.

## CONCLUSION

For these reasons, and the reasons set forth in our motion to dismiss, defendant respectfully requests that its motion be granted and that plaintiff's complaint be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

DAVID KOMAN
Department of the Navy

February 7, 2006

CERTIFICATE OF FILING

I hereby certify that on February 7, 2006, a copy of the foregoing "DEFENDANT'S REPLY BRIEF" AND "APPENDIX VOLUME FIVE (APPENDIX TO REPLY BRIEF)" were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON