# In the United States Court of Federal Claims

No. 05-960C

(Filed April 12, 2006)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * | | |
| STATES ROOFING CORP., | * | Motion to Dismiss; Election |
| | * | Doctrine; Dismissal Not Ripe Until |
| *Plaintiff,* | * | Jurisdiction Has Been Decided By |
| v. | * | First Forum |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| *Defendant.* | * | |
| * * * * * * * * * * * * * * * * * * * * * | | |

*Neil S. Lowenstein*, Norfolk, VA, for plaintiff. *David W. Lannetti*, Norfolk, VA, of counsel.

*David B. Stinson*, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, and *Bryant G. Snee*, Assistant Director, United States Department of Justice, Washington, DC, for defendant. *David Koman*, United States Department of the Navy, Washington, DC, of counsel.

---

**OPINION AND ORDER**

---

**BUSH**, *Judge*

The court has before it Defendant's Motion to Dismiss, which has been fully briefed. As explained below, because the issue of dismissal is not yet ripe in this matter, defendant's motion is denied. Further proceedings are stayed until jurisdiction over all of plaintiff's claims, also protectively filed here, has been definitively asserted or declined by the Armed Services Board of Contract Appeals (ASBCA) in Appeals Nos. 54854 and 54860.

**BACKGROUND**[1]

Plaintiff States Roofing Corporation (SRC) entered into a contract with the United States, under Navy Contract No. N62470-97-C-83197, for roof replacement and associated tasks at the Naval Station in Norfolk, Virginia. During the course of performance of the contract, several disputes arose that were monetary in nature, and for which SRC eventually obtained two final decisions from the contracting officer. These final decisions were received by SRC on September 3 and September 30, 2004. SRC appealed these decisions to the ASBCA by mailing notices of appeal within ninety days of those dates. However, one mailing was returned for insufficient postage, and ninety-one days had passed between the date the relevant final decision was received by SRC and the date the ASBCA finally received SRC's notice of appeal, after it was re-sent by SRC.

The Contract Disputes Act (CDA) states in relevant part that "[w]ithin ninety days from the date of receipt of a contracting officer's decision under section 605 of this title, the contractor may appeal such decision to an agency board of contract appeals." 41 U.S.C. § 606 (2000). "If no appeal to the Board is taken within the ninety day statutory period set forth in section 606, the Board has no jurisdiction to hear the claim." *D.L. Braughler Co. v. West*, 127 F.3d 1476, 1480 (Fed. Cir. 1997) (citing *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982)). This jurisdictional limitation may not be waived by the board. *Cosmic*, 697 F.2d at 1391.

SRC subsequently filed a joint complaint with the ASBCA on January 4, 2005 based upon both of its appeals of the final decisions by the contracting officer, docketed as ASBCA Nos. 54854 and 54860. On August 31, 2005, SRC filed, within the twelve month time-frame allowed by the CDA under 41 U.S.C. § 609(a)(3) (2000), its complaint in this court presenting the same claims as those before the ASBCA. SRC styled this complaint as a "protective" suit which would preserve, before the Court of Federal Claims, any of its CDA claims over which the ASBCA might decline jurisdiction. In lieu of answering SRC's complaint, defendant filed its motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), arguing that

---

[1]/ The court reproduces here apparently undisputed facts provided by the parties in their filings, and has not been called upon to resolve any factual disputes.

because SRC had originally elected to pursue its claims before the ASBCA, SRC is now barred from pursuing those same claims in this court.

## DISCUSSION

### I. Standard of Review

The court's "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Cubic Def. Sys., Inc. v. United States*, 45 Fed. Cl. 239, 245 (1999) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Maniere v. United States*, 31 Fed. Cl. 410, 413 (1994)). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3). In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *Reynolds*, 846 F.2d at 747.

### II. Election Doctrine

There are no disputed facts in the briefing of defendant's motion, merely a disagreement as to whether plaintiff's prior filing of identical claims before the ASBCA now bars plaintiff's suit in this court. This legal issue is determined by the application of what is known as the Election Doctrine:

> [O]nce a contractor makes a binding election to appeal the [contracting officer's] final decision to a board of contract appeals or to the Court of Federal Claims, the contractor can no longer pursue its claim in the other forum.

*Bonneville Assocs. v. United States*, 43 F.3d 649, 653 (Fed. Cir. 1994) (citing *Nat'l*

*Neighbors, Inc. v. United States*, 839 F.2d 1539, 1542 (Fed. Cir. 1988) (*National Neighbors*)). But this court may not apply the Election Doctrine to bar a suit until it is certain that a "binding election" before a board of contract appeals has occurred. *See National Neighbors*, 839 F.2d at 1543 (noting that "an untimely appeal to the board is not a binding election under the Election Doctrine").

This case is analogous to and governed by *National Neighbors*. The plaintiff in *National Neighbors* wished to appeal the final decision of a contracting officer to the HUD Board of Contract Appeals (HUDBCA), but due to alleged delays in the delivery of the final decision, the contractor was uncertain whether or not HUDBCA would rule that its appeal was timely. 839 F.2d at 1541. As a protective measure, the plaintiff later filed a suit in the United States Claims Court (this court's predecessor court) to safeguard its claims in the event that HUDBCA declined jurisdiction over its appeal. *Id.*

The Claims Court dismissed the suit, on the grounds that the plaintiff's prior appeal to HUDBCA barred a second suit in the Claims Court. *Id*. The United States Court of Appeals for the Federal Circuit vacated that decision and remanded the case back to the Claims Court:

> Because, at the time the Claims Court dismissed for lack of jurisdiction National Neighbors' complaint, the board had not determined whether it had jurisdiction over National Neighbors' appeal, we hold that the proceeding before the Claims Court was not ripe for the Claims Court to dismiss National Neighbors' complaint pursuant to the Contract[] Disputes Act on grounds that National Neighbors had made a binding election under the Election Doctrine by appealing to the board the contracting officer's adverse decision.
>
> For the proceeding before the Claims Court to be ripe for action, the board first must determine whether, as a matter of fact, National Neighbors' appeal was timely and thus whether, as a matter of law, the board has jurisdiction over National Neighbors' appeal.

*Id.* at 1543. The lesson of *National Neighbors* is that dismissal of a suit in this court because of the Election Doctrine would be premature if a board of contract appeals has not yet determined the timeliness of an appeal before that board which presents the same claims. *Id.*; *Thomas & Sons Bldg. Contractors, Inc.*, ASBCA No. 51577, 00-2 BCA ¶ 31,086 (Aug. 31, 2000) ("Where the action is pending in the first forum and that forum has not determined jurisdiction, an appeal is not ripe for dismissal under the Election Doctrine until the original forum determines its jurisdiction over the claim.") (citing *National Neighbors*); *U S West Info. Sys., Inc.*, GSBCA No. 9175, 88-3 BCA ¶ 20,952 (June 17, 1988) ("Had appellant [filed a timely lawsuit involving the same matters with the Claims Court], that court could not have dismissed the case for lack of jurisdiction unless we had determined that we have jurisdiction over the appeal.") (citing *National Neighbors*, 839 F.2d at 1543).

A plaintiff contractor may file a protective suit in this court when the same claims have been presented in an appeal to a board of contract appeals and that board has not yet determined whether the appeal before it is timely. *National Neighbors*, 839 F.2d at 1543; *U S West Info. Sys., Inc.*, GSBCA No. 9175, 88-3 BCA ¶ 20,952 (June 17, 1988) (stating that "appellant was at all times free to protect itself against a decision that we do not have jurisdiction over the appeal . . . by filing with the Claims Court a timely lawsuit involving the same matters"). SRC, in this case, has filed a protective suit here, due to a question of timeliness that clouds its claims before the ASBCA. Defendant's only argument that SRC has made a binding election to pursue its claims before the ASBCA is that the board has scheduled trial to commence in April 2006 and that the board must believe that it has jurisdiction to consider SRC's claims. Def.'s Reply at 4-5.

Defendant has not supplied this court with conclusive evidence that the ASBCA has determined that the board has jurisdiction over SRC's appeals. SRC's complaint before this court properly alleges jurisdiction under the CDA and appears to have been timely filed. SRC has noted a question of timeliness that may impede its ability to prosecute some of its claims before the ASBCA. While defendant has mustered impressive legal arguments as to why the board will eventually assert jurisdiction over SRC's claims, based upon the information thus far supplied to this court, the board's jurisdiction has not yet been determined.

The court is somewhat reluctant to allow this matter to remain stayed on its

docket for an indefinite period of time, pending either a specific jurisdictional determination by the ASBCA or a ruling on the merits by the board, which would necessarily be based upon a finding of jurisdiction. However, that choice is preferable to a dismissal which could leave plaintiff without a forum if the ASBCA were to ultimately determine, either *sua sponte* or upon motion by the government, that it lacks jurisdiction over some of plaintiff's claims. Despite defendant's assurances that this scenario will not occur, the government's assurances amount to no more than speculation and belief and this court is unwilling to gamble with a party's rights based upon mere conjecture.

Because the board's jurisdiction has not yet been determined for all of plaintiff's claims, dismissal of SRC's complaint before this court is not yet ripe under the Election Doctrine as elaborated in *National Neighbors*.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss, filed on December 30, 2005, is **DENIED**;

(2) The subject matter is **STAYED** until further order of the court; and,

(3) The parties shall **FILE** a **JOINT STATUS REPORT** within fourteen days of either a jurisdictional ruling or a ruling on the merits in ASBCA Appeals Nos. 54854 and 54860.

s/Lynn J. Bush
LYNN J. BUSH
Judge